UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CKR LAW LLP f/k/a CRONE KLINE RINDE,
LLP,

                Petitioner,

        v.

ANDERSON INVESTMENTS
INTERNATIONAL, LLC, PARAMOUNT
SERVICES LLC a/k/a PARAMOUNT SERVICES
LTD., INTECH HOLDINGS (HK) LIMITED a/k/a
INTECH INTERNATIONAL GROUP CO.
LIMITED a/k/a INTECH HOLDINGS INC.,
WHITE ROCK ELECTRONIC TRADING LLC,
BMR CONSULTING, EDMUND WHITE a/k/a
RAVI RACH, GULZHAN NAMAZBAEVA, and
SATYABRATO CHAKRAVARTY,

                Respondents.

Civil Action No. 1:20-cv-7937-JSR

**DECLARATION OF JEFFREY A.
RINDE IN SUPPORT OF MOTION
PURSUANT TO FED. R. CIV. PROC.
4(f)(3) AND 4(h)(2)**

JEFFREY A. RINDE declares, pursuant to 28 U.S.C. 1746, as follows:

    1.    I am over the age of eighteen and competent to make this declaration. I am the managing partner of petitioner CKR Law LLP ("Petitioner").

    2.    Respondents in this action are Anderson Investments International, LLC ("Anderson"); Intech Holdings (HK) Limited a/k/a Intech International Group Co. Limited a/k/a Intech Holdings Inc. ("Intech"), White Rock Electronic Trading LLC ("White Rock"), Paramount Services LLC a/k/a Paramount Services Ltd. ("Paramount"), and BMR Consulting ("BMR"); Ravi Rach a/k/a Edmund White ("Rach"), Gulzhan Namazbaeva ("Namazbaeva") and Satyabrato Chakravarty ("Chakravarty").

    3.    This is an action to compel Respondents to arbitrate disputes arising from a series of financing transactions for which Petitioner acted as escrow agent.

4.      I make this declaration in support of Petitioner's application, pursuant to Fed. R. Civ. Proc. 4(f)(3) and 4(h)(2), for leave to serve process on the Respondents by other means.

**Background**

5.      Annexed hereto as **Exhibit A** is a true and correct copy of the Petition to Compel Arbitration filed in this action (ECF Dkt. No. 1, the "Petition"). I have read the Petition and hereby verify that the factual allegations therein are true and correct to the best of my knowledge, information, and belief, except as to those matters which are alleged on information and belief, and as to them, I believe those matters to be true.

6.      I respectfully refer to the Petition for a more complete recitation of the facts and circumstances supporting Petitioner's request for relief. Unless otherwise stated, all capitalized terms in this Declaration have the meaning assigned to them in the Petition.

7.      In summary, Petitioner acted as the Escrow Agent, pursuant to written Escrow Agreements, in connection with the Disputed Financial Transactions alleged in the Petition.

8.      Annexed hereto as **Exhibit B** is a true and correct redacted copy of an Escrow Agreement, dated November 12, 2019, in connection with one of the Disputed Financial Transactions. Exhibit B is typical of the Escrow Agreements executed in connection with the other Disputed Financial Transactions alleged in the Petition.

9.      Paragraph 4(a) of the Escrow Agreements obligated Petitioner to release Escrow Payments upon the receipt of certain documents, including fully executed agreements (*i.e.*, a Private Contract Agreement (a "PCA" and together with others, the "PCAs") and Joint Participation Agreement (a "JPA" and together with others, the "JPAs")) and confirmation of the issuance of a bank instrument.

10.     Annexed hereto as **Exhibits C** and **D** are true and correct redacted copies of a JPA and PCA that were submitted by Respondents in connection with the Escrow Agreement annexed

as Exhibit B. Exhibits C and D were executed by Respondent Namazbaeva on behalf of Respondent Anderson. Exhibits C and D designate accounts held under the name and control of Respondents White Rock and Intech as accounts to which payments or assets are instructed to be transferred in connection with the relevant Disputed Financial Transaction. Petitioner is not a party to the agreements set forth in Exhibits C and D.

11.     Exhibits B, C and D are typical of the Escrow Agreements and JPAs and PCAs submitted by Respondents in connection with the other Disputed Financial Transactions. As set forth more fully in the Petition, certain of the other JPAs and PCAs submitted by Respondents designated accounts held under the name and control of Respondents BMR and Paramount as accounts to which payments or assets were instructed to be transferred in connection with the relevant Disputed Financial Transaction.

12.     With respect to each of the Disputed Financial Transactions, the Respondents knew of the Escrow Agreements and their terms and intended the execution of the PCAs and JPAs, along with confirmation of issuance of a bank instrument, to trigger release of the Escrow Payments. The Respondents acted together in concert to execute the PCAs and JPAs and provide them to Petitioner, along with confirmation of issuance of a bank instrument, to trigger release of the Escrow Payments from Petitioner's New York trust account.

13.     With respect to each of the Disputed Financial Transactions, Respondents Rach held himself out as an officer, director and authorized representative of Anderson, Paramount, BMR, and White Rock. Respondent Chakravarty held himself out as an officer, director and authorized representative of Intech. Respondents Rach and Chakravarty transmitted to Petitioner the executed PCAs, JPAs, confirmations and other documents necessary to trigger release of the relevant Escrow Payments in connection with the Disputed Financial Transactions.

14.     As described more fully in the Petition, Petitioner has become aware of disputes relating to the Disputed Financial Transactions and, despite good faith efforts, Petitioner has been unable to resolve the disputes by negotiation. Petitioner now seeks to submit all such disputes to arbitration in accordance with the arbitration provisions of the Escrow Agreements.

15.     As set forth more fully in the Petition, Petitioner contends that each of the Respondents knowingly received direct benefits from the Escrow Agreements and, therefore, are equitably estopped from arbitrating the disputes relating to the Disputed Financial Transactions. In the alternative, Petitioner contends that the Respondents should be compelled to arbitrate pursuant to the doctrines of third-party beneficiary and/or agency.

**Respondents Anderson and Paramount Are Nevis Limited Liability Companies Not Subject to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention")**

16.     In efforts to resolve disputes between the parties to the Disputed Financial Transactions, I have communicated with Mr. Rach by telephone, email and through the messaging platform WhatsApp. When communicating with me, Mr. Rach held himself out as an officer, director and authorized representative of Respondents Anderson and Paramount and represented that each of those entities are Nevis limited liability companies. In addition, Mr. Rach's conduct evidenced that he had authority to act on behalf of and represent Respondents Anderson and Paramount.

17.     As set forth in Exhibits C and D, agreements executed by Anderson state that its "principal business address" is located at "Main Street, PO Box 556, Charlestown, Nevis." Based on other information I received from Respondent Rach, Paramount's principal business address is also located at "Main Street, PO Box 556, Charlestown, Nevis."

4

18.     Upon information and belief, that address is one commonly used by corporate agents that represent Nevis limited liability companies.

19.     Based on the foregoing, Petitioner submits that Anderson and Paramount are Nevis limited liability companies.

20.     Annexed hereto as **Exhibit E** is a true and correct copy of the status table for the Convention. Exhibit E was obtained from the website ww.hcch.net, which is maintained by Hague Conference on Private International Law. Exhibit E sets forth the parties to the Convention and the terms on which those parties have ratified, accepted or approved the Convention.

21.     Based on Exhibit E, Nevis is not a signatory to the Convention.

**Respondents White Rock and BMR are Dubai Corporations**
**Not Subject to the Convention on Service Abroad**

22.     When communicating with me in connection with my efforts to resolve the disputes between the parties to the Disputed Financial Transactions, Mr. Rach also held himself out as the principal of Respondents White Rock and BMR. In addition, Mr. Rach's conduct evidenced that he had authority to act on behalf of and represent Respondents White Rock and BMR.

23.     Annexed hereto as **Exhibit F** is a true and correct copy of a website entitled "Our Companies," which my counsel obtained from the domain rachgroupofcompanies.com.

24.     The website in Exhibit F lists Respondents White Rock and BMR as two of several members of an association of companies referred to as the "Rach Group of Companies."

25.     Annexed hereto as **Exhibit G** is a true and correct copy of a website entitled "White Rock Electronic Trading LLC," which my counsel obtained from the domain rachgroupofcompanies.com.

26.     Exhibit G describes White Rock as "part of the global brand of 'Rach group of companies'."

5

27.     Annexed hereto as **Exhibit H** is a true and correct copy of a website entitled "BMR Consulting," which my counsel obtained from the domain rachgroupofcompanies.com.

28.     Exhibit H describes BMR as "part of the global brand of 'Rach group of companies'."

29.     Based on my review of Exhibits F, G and H, and my understanding from prior communications with Mr. Rach, Respondents White Rock and BMR are corporations organized under the laws of the Emirate of Dubai, United Arab Emirates.

30.     The Emirate of Dubai, United Arab Emirates is not a signatory to the Convention. *See* Exhibit E.

### Respondent Intech is a Hong Kong Corporation Amenable to Service by Other Means

31.     It is my understanding that various funds or other assets relating to the Disputed Financial Transactions were transferred into accounts owned or controlled by Respondent Intech.

32.     Annexed hereto as **Exhibit I** is a true and correct copy of a report obtained from the website operated by the Companies Register of the Hong Kong Special Administrative Region of the People's Republic of China.

33.     Exhibit I shows that Intech is an active Hong Kong private company limited by shares.

34.     As set forth in Exhibit I, the People's Republic of China is a signatory to the Convention and does not object to the transmission by postal channels of judicial documents to persons located in the Hong Kong Special Administrative Region as provided in sub-paragraph (a) of Article 10 of the Convention.

### Respondent Rach is a Resident of Dubai

35.     It is my understanding that Respondent Rach is a resident of Dubai.

6

36.     It is my understanding that Respondent Rach manages the affairs of Respondents Anderson, Paramount, BMR and White Rock out of offices located at Office 1101, Building 01, Bay Square, Business Bay, Burj Khalifa, Dubai, UAE. *See* Exhibits F, G, H.

**Respondent Chakravarty is a Resident of Dubai and the
Principal and Agent of Respondent Intech**

37.     In connection with the Disputed Financial Transactions and my efforts to negotiate a resolution of the disputes between the parties to them, I received communications from Respondent Chakravarty.

38.     These communications occurred by email. In these communications, Mr. Chakravarty held himself out as an officer, director and authorized representative of Respondent Intech.

39.     Mr. Chakravarty's conduct also demonstrated that he had authority to act on behalf of and control over Respondent Intech.

40.     It is my understanding that Mr. Chakravarty resides in Dubai and shares offices with Mr. Rach.

**Respondent Namazbaeva is a Resident of the United
Kingdom and Amendable to Service by Other Means**

41.     In connection with Petitioner's role as Escrow Agent, I received various documents (*i.e.*, PCAs and JPAs) executed by Respondent Namazbaeva on behalf of Respondent Anderson and Paramount. Each of these documents identified Ms. Namazbaeva as a director of Respondent Anderson and Paramount.

42.     Based the foregoing documents and communications with Mr. Rach, it is my understanding that Respondent Namazbaeva is also a director and officer of Respondents Anderson and Paramount.

43.     Based on information I have received, it is my understanding that Respondent Namazbaeva is a resident of the United Kingdom.

44.     As set forth more fully in the Petition, Petitioner alleges that Respondent Namazbaeva acted in concert with Respondent Rach to execute the PCAs and JPAs described above for the specific purpose of triggering the release of Escrow Payments from Petitioner's escrow account in New York.

45.     Upon information and belief, Respondent Namazbaeva has signature authority over a bank account maintained by HSBC Bank PLC, London, U.K., in the name of Respondent BMR. Upon information and belief, Respondent Namazbaeva knowingly used her signatory power over BMR's London bank account as part of a scheme with Respondents Rach and Chakravarty to effectuate the wrongful conduct set forth in the Petition.

46.     Based on Petitioner's investigation, Namazbaeva is also the sole shareholder, officer, and director of a U.K. limited company known as Five Stars Design Ltd. Five Stars Design Ltd. has a registered address in London on file with the U.K. Companies house. Petitioner submits that service on Namazbaeva by registered mail to the registered address of Five Stars Design Ltd. is reasonably calculated to apprise Namazbaeva of this action.

**Petitioner's Attempts to Serve Process on Respondents**

47.     Petitioner commenced this action on September 25, 2020. (ECF Dkt. No. 1). On September 28, 2020, the Clerk issued Summonses to BMR, White Rock, Rach, Namazbaeva, and Chakravarty. (ECF Dkt. Nos. 11 to 15).

48.     On September 29, 2020, the Court issued a Notice of Court Conference. (ECF Dkt. No. 16).

49.     On October 1, 2020, the Clerk issued Summonses to Anderson, Paramount, and Intech. (ECF Dkt. Nos. 20 to 22).

50.     Beginning on October 1, 2020, I received as series of messages from Respondent Rach on the WhatsApp messaging platform. Annexed hereto as **Exhibit J** is a true and correct copy of several of these messages.

51.     As set forth in Exhibit J, as of October 1, 2020 Mr. Rach had knowledge of this action and the fact that he was named personally as a Respondent.

52.     Annexed hereto as **Exhibit K** is a true and correct copy of Petitioner's Certificate of Service, dated October 2, 2020. (ECF Dkt. No. 24).

53.     As described more fully in Exhibit K, Petitioner's counsel sent to each of the Respondents, by FedEx International service, email, and/or registered mail to their last known addresses, copies of the Petition, the Notice of Court Conference, the Court's local practices, and two copies of the Requests for Waiver of Service of the Summons.

54.     The mailing and email addresses set forth in Exhibit G are, to Petitioner's knowledge, the last known addresses of each of the Respondents.

55.     As set forth more fully in the accompanying Declaration of Michael James Maloney, following service of the foregoing papers Mr. Maloney received numerous calls from FedEx International staff advising that they had spoken to Mr. Rach and that he had claimed that Respondents Anderson, Paramount, White Rock, and BMR had closed.

56.     I am advised that as of the date of this Declaration, none of the Respondents have returned a duly executed Request for Waiver of Service of the Summons sent to the Respondents on October 2, 2020.

57.     Based on the foregoing, including the threat of legal action by Mr. Rach in Exhibit J, I anticipate that Respondents will not agree to accept service of process and are actively seeking to avoid service of process.

58.    In connection with the effectuation of service of process, I have made initial inquiries regarding the service of process on Respondents White Rock, BMR, Rach, and Chakravarty in Dubai in accordance with local law. I have been advised that such service is likely to be time consuming and expensive.

59.    Although Petitioner is making efforts to effect service on Respondents Intech and Namazbaeva pursuant to the Convention, I am advised that such service is also likely to be time consuming and expensive.

60.    WHEREFORE, Petitioner respectfully requests that the Court issue an Order, pursuant to Fed. R. Civ. Proc. 4(f)(3) and 4(h)(2), granting Petitioner leave to (i) serve Respondents Anderson and Paramount by registered mail to the last known address in Nevis and by WhatsApp to Rach; (ii) serve Respondents White Rock, BMR and Rach by registered mail and email to their last known addresses and by WhatsApp to Mr. Rach; (iii) serve Respondent Intech by registered mail to its last known address and by email to Respondent Chakravarty's last known email address; (iv) serve Respondent Chakravarty by service upon Intech by registered mail and email to his last known email address; and (v) serve Respondent Namazbaeva by registered mail to the registered address for Five Stars Design, Ltd.


I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on: October 19, 2020

*Jeffrey A. Rinde*
Jeffrey A. Rinde