Transaction Code: \_\_\_\_
Lessor Code:
Lessee Code:

## ESCROW AGREEMENT

This Escrow Agreement (the "Agreement"), dated as of November 12, 2019 is by and among, ▬▬▬▬▬ (the "Company") with an address at ▬▬▬▬▬, an ▬▬ Corporation, represented by ▬▬▬▬▬ and ▬▬▬▬▬ ("M-Corp"), an ▬▬ Corporation, with an address of ▬▬▬▬▬ represented by ▬▬▬▬▬ (M-Corp and Company is herein referred to as the "Escrow Parties"), and CKR Law, LLP (the "Escrow Agent"), a United States law firm with its principal place of business at 1330 Avenue of the Americas New York, New York 10019.

WHEREAS, the Company is ready, willing and able to lease a Bank Instrument ("BI") pursuant to an Investment Agreement ("IA"), to be entered together with the execution of this Agreement and the conditions precedent to the issuance thereof;

WHEREAS, M-Corp has agreed to procure the BI as detailed in the Memorandum of Understanding dated November 12, 2019 entered into by and between the Company and M-Corp (the "MOU").

WHEREAS, pursuant to the MOU the Company agreed to place in escrow the amount of $480,000.00 (Four Hundred-Eighty Thousand) US Dollars to be used by M-Corp to obtain the BI and related costs and expenses. (the "Escrow Payment").

WHEREAS, M-Corp shall use the BI to fund a term loan to the Company ("Loan") in the amount of $12,000,000.00 (Twelve Million) US Dollars on the terms set forth in the MOU ("Loan Amount");

WHEREAS, the Escrow Agent has agreed to receive, hold and release the Escrow Payment in accordance with the terms and conditions of this Agreement; and

WHEREAS, included in the Escrow Payment, is an administration fee (the "Admin Fee") to cover administration, legal fees, banking fees, and any other fees, costs or expenses in connection with this transaction. For clarification purposes only, the Escrow Agent's Fees, Admin Fees, Costs and Expenses in Section 10 of this Agreement shall be paid by M-Corp and Company shall not be responsible for any payments in addition to the Escrow Funds (as defined below).

NOW, THEREFORE, in consideration of the premises and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereto hereby agree as follows:

1.  **Establishment of Escrow.** On or prior to two (2) business days following the execution date of this Agreement, the Company shall deliver the Escrow Payment, inclusive of the Admin

1

Company's Initials: *[initials]*   M-Corp's Initials: *[initials]*   Escrow Agent Initials: CKR

EXHIBIT B
to Rinde Decl., dated Oct. 19, 2020

Transaction Code: _____<br>
Lessor Code:<br>
Lessee Code:

Fee (together, the "Escrow Funds") to the Escrow Agent to the bank coordinates on <u>Annex A</u>. Following receipt of the Escrow Funds, the Escrow Agent shall promptly confirm receipt of the Escrow Funds to the Escrow Parties.

2.  **Appointment of Agent.** The Escrow Parties appoint and designate the Escrow Agent as their agent to hold in escrow, and to administer the disposition of, the Escrow Funds in accordance with the terms of this Agreement, and the Escrow Agent accepts such appointment.

3.  **Handling of the Escrow Payments.** The Escrow Agent shall hold the Escrow Payment in its IOLA bank account in accordance with its internal policies for the handling of other funds of a similar nature. The Escrow Agent shall be entitled to use the Admin Fee for costs and fees associated with the transaction detailed in the IA and MOU and will be placed in the general operating account and will not be placed in escrow.

4.  **Release of the Escrow Funds.**

    (a) The Escrow Agent shall release the Escrow Payment to the BI provider pursuant to its instructions within two (2) international banking days of receipt by the Escrow Agent of:

    (i) a copy of the SWIFT MT760 with "Answer Back" from M-Corp's designated bank, confirming the issuance and successful transmission of the BI; and

    (ii) a copy of M-Corp's commitment from a third party to monetize the BI and fund the Loan, which agreement provides committed funding sufficient to pay the first disbursement and subsequent disbursements up to the Loan Amount over a ten-month period; and

    (b) Upon notice from Company that M-Corp has failed to deliver the BI by SWIFT MT760 to M-Corp's designated bank within two (2) international banking days of payment of the Escrow Payment, the Escrow Agent shall, if not previously released, return the Escrow Payment to Company within two (2) international banking day of receipt of such notice. An "international banking day" means a day on which banks in New York and London are open for business.

    (c) Upon receipt of written notice from the Company and M-Corp by the Escrow Agent that the IA that the Company and M-Corp executed has been terminated, or the IA proposed terms have expired, the Escrow Agent shall return, if not previously released, the Escrow Payment to the Company, exclusive of any bank charges in connection with the Admin Fee, within two (2) international banking day of receipt of such notice.

    (d) Notwithstanding anything to the contrary in this Agreement, if at any time, the Escrow Agent receives any other instructions signed by each of the Escrow Parties, or their respective successors or assigns, as to the disbursement of the Escrow Payment or any portion thereof, the Escrow Agent shall disburse the Escrow Payment pursuant to such instructions. The Escrow Agent shall have no obligation to follow any directions set forth in any such instructions

2

Company's Initials: *MV*   M-Corp's Initials: *DAA*   Escrow Agent Initials: *CKR*

Transaction Code: _____
Lessor Code:
Lessee Code:

unless and until the Escrow Agent is satisfied, in its sole discretion that the persons executing said instructions are authorized to do so.

(e) The Escrow Agent shall promptly disburse the Admin Fee, in its sole discretion, to pay the fees, costs and expenses payable in connection with this transaction in accordance with the terms hereof.

(f) The Escrow Agent shall have no obligation to release the Escrow Payment in accordance with clauses (a) – (e) of this Section 4 unless and until the Escrow Agent is satisfied, in its sole discretion, with the written evidence and that the person requesting the payment is authorized to do so.

(g) Delivery of the Escrow Funds to the Escrow Parties shall be to the bank coordinates set forth in Annex A to this Agreement.

(h) Notwithstanding anything to the contrary in this Agreement, if M-Corp cannot get a commitment from a third party to monetize the BI and fund the Loan Escrow, then the Escrow Agent shall return any Escrow Payments received from the Escrow Parties to the respective party within two (2) international banking days of notice of the failure to monetize the BI and fund the Loan Escrow.

5. Responsibilities and Liability of Escrow Agent.

(a) Duties Limited. The Escrow Agent undertakes to perform only such duties as are expressly set forth in this Agreement. The Escrow Agent's duties shall be determined only with reference to this Agreement and applicable laws and it shall have no implied duties. The Escrow Agent shall not be bound by, deemed to have knowledge of, or have any obligation to make inquiry into or consider, any term or provision of any agreement between any of the Escrow Parties and/or any other third parties or as to which the escrow relationship created by this Agreement relates, including without limitation any documents referenced in this Agreement.

(b) Limitations on Liability of Escrow Agent. Except in cases of the Escrow Agent's bad faith, willful misconduct or gross negligence, the Escrow Agent shall be fully protected (i) in acting in reliance upon any certificate, statement, request, notice, advice, instruction, direction, other agreement or instrument or signature reasonably and in good faith believed by the Escrow Agent to be genuine, (ii) in assuming that any person purporting to give the Escrow Agent any of the foregoing in connection with either this Agreement or the Escrow Agent's duties, has been duly authorized to do so, and (iii) in acting or failing to act in good faith on the advice of any counsel retained by the Escrow Agent. The Escrow Agent shall not be liable for any mistake of fact or law or any error of judgment, or for any act or omission, except as a result of its bad faith, willful misconduct or gross negligence. The Escrow Agent shall not be responsible for any loss incurred upon any action taken under circumstances not constituting bad faith, willful misconduct or gross negligence.

3

Company's Initials: [signature]   M-Corp's Initials: [signature]   Escrow Agent Initials: CKR

Transaction Code: _____
Lessor Code:
Lessee Code:

Without limiting the generality of the foregoing, it is agreed that except in case of the Escrow Agent's bad faith, willful misconduct or gross negligence, in no event will the Escrow Agent be liable for any lost profits or other indirect, special, incidental or consequential damages which the parties may incur or experience by reason of having entered into or relied on this Agreement or arising out of or in connection with the Escrow Agent's services, even if the Escrow Agent was advised or otherwise made aware of the possibility of such damages; nor shall the Escrow Agent be liable for acts of God, acts of war, breakdowns or malfunctions of machines or computers, interruptions or malfunctions of communications or power supplies, labor difficulties, actions of public authorities, or any other similar cause or catastrophe beyond the Escrow Agent's reasonable control.

In the event that the Escrow Agent shall be uncertain as to its duties or rights under this Agreement, or shall receive any certificate, statement, request, notice, advice, instruction, direction or other agreement or instrument from any other parties with respect to the Escrow Funds which, in the Escrow Agent's reasonable and good faith opinion, is in conflict with any of the provisions of this Agreement, or shall be advised that a dispute has arisen with respect to the Escrow Funds or any part thereof, the Escrow Agent shall be entitled, without liability to any person except in case of the Escrow Agent's bad faith, willful misconduct or gross negligence, to refrain from taking any action other than to keep safely the Escrow Funds until the Escrow Agent shall be directed otherwise in accordance with joint written instructions from the Escrow Parties or an order of a court with jurisdiction over the Escrow Agent. The Escrow Agent shall be under no duty to institute or defend any legal proceedings, although the Escrow Agent may, in his discretion and at the expense of the Escrow Parties as provided in subsections (c) or (d) immediately below, institute or defend such proceedings.

(c) **Indemnification of Escrow Agent**. Except in case of the Escrow Agent's bad faith, willful misconduct or gross negligence, the Escrow Parties jointly and severally agree to indemnify the Escrow Agent for, and to hold him harmless against, any and all claims, suits, actions, proceedings, investigations, judgments, deficiencies, damages, settlements, liabilities and expenses (including reasonable legal fees and expenses of attorneys chosen by the Escrow Agent) as and when incurred, arising out of or based upon any act, omission, alleged act or alleged omission by the Escrow Agent or any other cause, in any case in connection with the acceptance of, or performance or non-performance by the Escrow Agent of any of the Escrow Agent's duties under this Agreement.

(d) **Authority to Interplead**. The Escrow Parties authorize the Escrow Agent, if the Escrow Agent is threatened with litigation or is sued; to interplead all interested parties in any court of competent jurisdiction and to deposit the Escrow Funds, with the clerk of that court. In the event of any dispute under this Agreement, the Escrow Agent shall be entitled to petition a court of competent jurisdiction and shall perform any acts ordered by such court.

6. **Termination**. This Agreement, except as to the obligations of M-Corp with respect to the provisions of Section 4(h) hereof, and all the obligations of the Escrow Agent under this Agreement shall terminate upon the earliest to occur of the release of the Escrow Funds by the

4

Company's Initials: MN

M-Corp's Initials: DAB

Escrow Agent Initials: CKR

Transaction Code: _____<br>
Lessor Code:<br>
Lessee Code:

Escrow Agent in accordance with this Agreement or the deposit of the Escrow Funds, by the Escrow Agent in accordance with Section 5(d) hereof.

7. **Removal of Escrow Agent**. The Escrow Parties shall jointly have the right to terminate the appointment of the Escrow Agent, specifying the date upon which such termination shall take effect. Thereafter, the Escrow Agent shall have no further obligation to the Escrow Parties except to hold the Escrow Funds, as depository and not otherwise. The Escrow Agent shall refrain from taking any action until it shall receive instructions from the Escrow Parties designating the successor escrow agent. Escrow Agent shall deliver the Escrow Funds or any remaining part thereof, to such successor escrow agent in accordance with such instructions and upon receipt of the Escrow Funds or any remaining part thereof, the successor escrow agent shall be bound by all of the provisions of this Agreement.

8. **Resignation of Escrow Agent**. The Escrow Agent may resign and be discharged from its duties and obligations hereunder at any time by giving no less than ten (10) days' prior written notice of such resignation to the Escrow Parties, specifying the date when such resignation will take effect. Thereafter, the Escrow Agent shall have no further obligation to the Escrow Parties except to hold the Escrow Funds or any remaining part thereof as depository and not otherwise. In the event of such resignation, the Escrow Parties agree that they will jointly appoint a successor escrow agent within ten (10) days of notice of such resignation. The Escrow Agent shall refrain from taking any action until the Escrow Agent shall receive instructions from the Escrow Parties designating the successor escrow agent. The Escrow Agent shall deliver the Escrow Funds or any remaining part thereof, to such successor escrow agent in accordance with such instructions and upon receipt of the Escrow Funds or any remaining part thereof, the successor escrow agent shall be bound by all of the provisions of this Agreement. However, if at expiration of such ten (10) day period, the Escrow Parties have not designated a successor escrow agent, then the Escrow Agent shall promptly return the Escrow Funds or any remaining part thereof to the Company.

9. **Survival**. Notwithstanding anything in this Agreement to the contrary, the provisions of Section 5 shall survive any resignation or removal of the Escrow Agent, and any termination of this Agreement.

10. **Escrow Agent Fees, Costs, and Expenses**. The Escrow Agent shall charge a transaction cost of one half (1/2%) percent of the face value of the BI transaction, which shall be paid by M-Corp, and shall be entitled to immediately pay its expenses which are customary fees, vendors or partners expenses, bank charges, travel expenses, and delivery charges or other out of pocket expenses incurred in connection with this Agreement. M-Corp, acknowledges its obligation to pay any costs, expenses and other amounts owed to the Escrow Agent pursuant to this Agreement.

11. **Notices**. All notices under this Agreement to be transmitted to the respective parties, shall be in writing and shall be considered to have been duly given or served when personally delivered to any Company parties, or on the first (1st) business day after the date of deposit with an overnight courier for next day delivery, postage paid, or on the third (3rd) business day after

5

Company's Initials: W

M-Corp's Initials: DH

Escrow Agent Initials: CKR

Transaction Code: ____<br>
Lessor Code:<br>
Lessee Code:

deposit in the domestic or local mail service, certified or registered, return receipt requested, postage prepaid, or on the date of telecopy, fax or similar transmission during normal business hours, as evidenced by mechanical confirmation of such telecopy, fax or similar transmission, addressed in all cases to the parties at his or its address set forth below, or to such other address as such parties may designate, provided that notices will be deemed to have been given to the Escrow Agent on the actual date received:

If to Company:



Phone:
Attention:

If to M-CORP:



Phone:
Attention:

If to the Escrow Agent:

CKR LAW, LLP

1330 Avenue of the Americas,
14th Floor
New York, New York 10019
Phone: (212) 259.7300
Attention: Mr. Jeffrey A. Rinde

Any notice, except notice by the Escrow Agent, may be given on behalf of any parties by its counsel or other authorized representative. In all cases the Escrow Agent shall be entitled to rely on a copy or a fax transmission of any document with the same legal effect as if it were the original of such document.

12. **Modifications; Waiver**. This Agreement may not be altered or modified without the express prior written consent of all of the parties to this Agreement. No course of conduct shall constitute a waiver of any terms or conditions of this Agreement, unless such waiver is specified

6

Company's Initials:          M-Corp's Initials:          Escrow Agent Initials:

Transaction Code: _____
Lessor Code:
Lessee Code:

in writing, and then only to the extent so specified. A waiver of any of the terms and conditions of this Agreement on one occasion shall not constitute a waiver of the other terms of this Agreement, or of such terms and conditions on any other occasion.

13. **Further Assurances**. If at any time the Escrow Agent shall determine or be advised that any further agreements, assurances or other documents are reasonably necessary or desirable to carry out the provisions of this Agreement and the transactions contemplated by this Agreement, the Escrow Parties shall execute and deliver any and all such agreements or other documents, and do all things reasonably necessary or appropriate to carry out fully the provisions of this Agreement.

14. **Assignment**. This Agreement shall inure to the benefit of and be binding upon the successors, heirs, personal representatives, and permitted assigns of the parties. This Agreement is freely assignable by the Escrow Parties; provided, however, that no assignment by such parties, or it successors or assigns, shall be effective unless prior written notice of such assignment is given to the other parties, including, without limitation, the Escrow Agent; and provided, further, that any assignee satisfies the Escrow Agent's requirements set forth herein. This Agreement may not be assigned by the Escrow Agent, except that upon prior written notice to the Escrow Parties, the Escrow Agent may assign this Agreement to an affiliated or successor bank or other qualified bank entity.

15. **Section Headings**. The section headings contained in this Agreement are inserted for purposes of convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

16. **Governing Law/Disputes**. This Agreement shall be interpreted according to and subject to New York Law. The Escrow Parties agree to do their utmost to ensure that any disputes between them are settled equitably and amicably and where possible without resort to arbitration. In the event of any differences or dispute of whatever nature arising from this Agreement (which shall include any failure to agree on any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto which cannot be settled by direct negotiation within thirty (30) days after either of the Escrow Parties has notified the other parties in writing of the existence of the dispute, such differences or dispute shall be referred to and finally settled by binding arbitration in City, County and State of New York.

17. **Waiver of Jury Trial**. EACH OF THE PARTIES HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, CLAIM, CAUSE OF ACTION OR SUIT (IN CONTRACT, TORT OR OTHERWISE), INQUIRY, PROCEEDING OR INVESTIGATION ARISING OUT OF OR BASED UPON THIS AGREEMENT, THE TRANSACTIONS CONTEMPLATED HEREBY OR RELATING TO THE SUBJECT MATTER HEREOF OR THEREOF. EACH OF THE PARTIES HERETO CERTIFIES THAT NO REPRESENTATIVE OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY

7

Company's Initials:         M-Corp's Initials:          Escrow Agent Initials:
        MV                         PMB                          CKR

Transaction Code: \_\_\_\_
Lessor Code:
Lessee Code:

WOULD NOT, IN THE EVENT OF ANY SUCH LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER.

18. <u>Counterparts and Facsimile Execution.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. The exchange of copies of this Agreement and of signature pages by facsimile transmission shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes (and such signatures of the parties transmitted by facsimile shall be deemed to be their original signatures for all purposes).

[SIGNATURE PAGE TO FOLLOW]

8

Company's Initials: /W/

M-Corp's Initials: /JBH/

Escrow Agent Initials: CKR

Transaction Code: \_\_\_\_
Lessor Code:
Lessee Code:

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

BY: *[signature]*
NAME: ▉▉▉▉▉▉▉
TITLE: President

BY: *[signature]*
NAME: ▉▉▉▉▉▉▉
TITLE: President

CKR LAW, LLP - ESCROW AGENT

BY: *Jeffrey A. Rinde*

NAME: Jeffrey A. Rinde
TITLE: Managing Partner

9

Company's Initials: *[initials]*   M-Corp's Initials: *[initials]*   Escrow Agent Initials: CKR

Transaction Code: ____<br>
Lessor Code:<br>
Lessee Code:

## ANNEX A

### BANK COORDINATES

### ESCROW AGENT

Escrow Payment

| | |
|---|---|
| Bank: | ▮▮▮▮▮ NY, NY 10022 USA |
| Address: | |
| Account Name: | CKR LAW LLP Attorney Trust Account |
| Account No.: | ▮▮▮▮▮ |
| Name of Authorized Signatory: | Jeffrey A. Rinde |
| SWIFT Code: | ▮▮▮▮▮ |
| Bank Officer Name: | ▮▮▮▮▮ |
| Bank Officer Title: | Group Director, Senior Vice President, Commercial and Private Banking |
| Telephone: | ▮▮▮▮▮ |
| Fax: | ▮▮▮▮▮ |
| Email: | ▮▮▮▮▮ |

| | |
|---|---|
| Bank: | |
| Address: | |
| SWIFT: | |
| Account Name: | |
| Account No.: | |
| Account Signatory: | |
| IBAN CODE: | |
| Bank Officer: | |
| Telephone: | |
| Facsimile: | |
| Bank Officer Email: | |

10

Company's Initials: *[signature]*     M-Corp's Initials: *[signature]*     Escrow Agent Initials: CRR