UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
CKR LAW LLP f/k/a CRONE KLINE RINDE, :
LLP.                                 :    20 Civ. 7937
                                     :
    Petitioner,                      :
                                     :
        -v-                          :
                                     :    MEMORANDUM ORDER
ANDERSON INVESTMENTS INTERNATIONAL,  :
LLC, PARAMOUNT SERVICES LLC a/k/a    :
PARAMOUNT SERVICES LTD., INTECH      :
HOLDINGS (HK) LIMITED a/k/a INTECH   :
INTERNATIONAL GROUP CO. LIMITED a/k/a :
INTECH HOLDINGS INC., WHITE ROCK     :
ELECTRONIC TRADING LLC, BMR          :
CONSULTING, EDMUND WHITE a/k/a RAVI  :
RACH, GULZHAN NAMAZBAEVA, and        :
SATYABRATO CHAKRAVARTY,              :
                                     :
    Respondents.                     :
------------------------------------------x

JED S. RAKOFF, U.S.D.J.

Petitioner CKR Law LLP f/k/a Crone Kline Rinde, LLP moves, pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), for an order permitting alternative means of service on respondents Anderson Investments International, LLC ("Anderson"); Intech Holdings (HK) Limited a/k/a Intech International Group Co. Limited a/k/a Intech Holdings Inc. ("Intech"); White Rock Electronic Trading LLC ("White Rock"); Paramount Services LLC a/k/a Paramount Services Ltd. ("Paramount"); and BMR Consulting ("BMR"); and on Ravi Rach

1

a/k/a Edmund White ("Rach"); Gulzhan Namazbaeva ("Namazbaeva"); and Satyabrato Chakravarty ("Chakravarty"). The motion is unopposed. For the reasons set forth below, the motion is denied without prejudice to renewal.

I. Background

Petitioner is a law firm that served as an escrow agent in a series of financial transactions involving respondents. Petition to Compel Arbitration ("Pet."), Dkt. No. 1, ¶ 1. After other parties to the financial transactions alleged that the respondents engaged in fraud and other wrongful conduct in connection with the transactions, petitioner filed this action on September 25, 2020 to compel the respondents to arbitrate in New York all disputes related to the transactions. Id.

In a sworn declaration, Jeffery A. Rinde, petitioner's managing partner, asserts the following. Rach is an officer or principal of Anderson, Paramount, BMR, and White Rock; Namazbaeva is a director of Anderson and Paramount; and Chakravarty is an officer of Intech. Declaration of Jeffery A. Rinde in Support of Motion Pursuant to Fed. R. Civ. Proc. 4(f)(3) and 4(h)(2) ("Rinde Decl."), Dkt. No. 27, ¶¶ 13, 42. Rinde "understand[s]" that Rach and Chakravarty are both residents of Dubai, where they share and manage the above-mentioned entities out a shared office. Id. ¶¶ 35, 36, 40. In addition, Rinde believes that Namazbaeva is a resident of the United Kingdom. Id. ¶ 43. To determine Namazbaeva's

2

residency, petitioner's counsel searched the United Kingdom Companies House website and found someone with the her name who was listed as the sole shareholder, officer, and director of a company called Five Stars Design, Ltd. See Declaration of Michael James Maloney in Support of Motion Pursuant to Fed. R. Civ. Proc. 4(f)(3) and 4(h)(2) ("Maloney Decl."), Dkt. No. 29, ¶¶ 23-25.

As for the corporate respondents, Rach represented to Rinde that Anderson and Paramount are Nevis limited liability companies. Id. ¶¶ 16, 17. In addition, certain documents executed by Anderson in connection with these disputed transactions state that its "principal business address" is "Main Street, PO Box 556, Charlestown, Nevis." Id. ¶ 17; Dkt. No. 27-3. As for White Rock and BMR, Rinde points to the website "rachgroupofcompanies.com," which lists the two companies as members of an association of companies referred to as the "Rach Group of Companies." Id. ¶ 24. The website provides a physical address in Dubai, an email address, and a telephone number. Id. Finally, Rinde asserts that Intech is a Hong Kong Corporation. Id. ¶ 33.

Between September 28 and October 1, 2020, the Clerk issued Summonses to respondents. See Maloney Decl., ¶¶ 5, 7; Dkt. Nos. 11-16. On October 1, 2020, Rinde received a series of messages on the WhatsApp messaging platform from someone named "Edmund White," which Rinde submits is Rach's pseudonym. Rinde Decl. ¶¶ 2, 50. In

these messages, "White" asks why he is being sued. Dkt. No. 27-10.

The next day, petitioner's counsel attempted to effectuate service of process on each of the respondents. To serve Intech and Chakravaty, petitioner's counsel sent copies of the Summonses, the Petition, the Notice of Court Conference, the Court's local practices, and two copies of Requests for Waiver of Service of the Summons (the "Papers") by FedEx to the address registered with the Hong Kong Companies Registrar and by email to the last known email addresses of Chakravaty: "intechholdingshk@gmail.com" and "s.chakravarty@intech-international.in." Dkt. No. 24; Maloney Decl. ¶¶ 17-20. However, petitioner's counsel received an electronic notice that his message to "s.chakravarty@intech-international.in" was unable to be delivered. Maloney Decl. ¶ 22.

To serve Namazbaeva, petitioner's counsel sent copies of the Papers by FedEx to the registered address for Five Star Design. Id. ¶ 26. Petitioner's counsel submits that service was completed successfully. Id. ¶ 27; Dkt. No. 29-10.

To serve Anderson and Paramount, petitioner's counsel sent copies of the Papers by registered mail to their principal business address in Nevis and by FedEx International Priority Service to Rach's office address in Dubai. Maloney Decl. ¶¶ 10, 11; Dkt. Nos. 29-1, 29-2.

Finally, to serve White Rock, BMR, and Rach, petitioner's counsel sent copies of the Papers to Rach's office address in Dubai and by email to the email address listed on the Rach Group website and also to dw@aiitld.com, which are alleged to be Rach's last known email addresses. Maloney Decl. ¶¶ 14-15; Dkt. Nos. 29-3, 29-4, 29-5. However, petitioner's counsel was thereafter notified by FedEx staff that they were unable to deliver the Papers to Rach's office address in Dubai. Maloney Decl. ¶ 29. After they were provided with the email and telephone number found on the Rach Group website, the delivery persons advised petitioner's counsel that they had spoken with Rach, who claimed that all of the corporate respondents were closed. Id. ¶ 31.

On October 14, 2020, this Court held an initial pretrial conference in this matter. No one appeared for any of the respondents. At that conference, petitioner's counsel was granted leave to file the instant motion for an order permitting alternative means of service on respondents.

II.   Discussion

The Federal Rules of Civil Procedure permit service on individuals outside the United States through three methods. The first is "any internationally agreed means of service," such as the Hague Convention. Fed. R. Civ. P. 4(f)(1). The second method of service is, where permitted by international agreement, to follow the foreign country's law or the directions of a foreign

5

authority; or, if permitted by the country's law, to use in-person service or service by mail. Fed. R. Civ. P. 4(f)(2). The third method of service is "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The procedure for serving foreign companies is governed by Fed. R. Civ. P. 4(h), which incorporates the portions of Rule 4(f) relevant here.

Assuming the proposed alternative method of service under Rule 4(f)(3) is neither prohibited by federal law nor international agreement, the Court may exercise its discretion to permit such service, so long as it comports with constitutional due process. While "there is no requirement that a party exhaust efforts to effect service pursuant to Rules 4(f)(1) or 4(f)(2)" before seeking alternative service under Rule 4(f)(3), courts will ordinarily permit such alternative service only where the moving party shows that it "has reasonably attempted to effectuate service on the defendant," and that "the circumstances are such that the court's intervention is necessary." Convergen Energy LLC v. Brooks, 20-cv-3746 (LJL), 2020 WL 4038353, at *4 (S.D.N.Y. Jul. 17, 2020). "The purpose of this inquiry is to prevent parties from whimsically seeking an alternate means of service." Id. (internal quotation marks omitted).

Here, petitioner speculates that "[r]espondents will not agree to accept service of process and are actively seeking to

avoid service of process." Rinde Decl. ¶ 57. In addition, Rinde reports that he has been "advised" that service of process on respondents, either under local law or, where appropriate, the Hague Convention, would be "time consuming and expensive." Id. ¶¶ 58, 59.

While it does not appear that petitioner is "whimsically seeking an alternate means of service," petitioner has provided the Court with no information about why service of process under the relevant local law -- here, Nevis and the Emirate of Dubai -- would be prohibitively expensive or unduly delay this action. Likewise, while petitioner avers that it "is making efforts to effect service on respondents Intech and Namazbaeva pursuant to the [Hague] Convention," id. ¶ 59, it provides no further information regarding the nature or reasonableness of these efforts. In the absence of such information, the Court denies petitioner's motion without prejudice to renewal.[1]

---

[1] In the event that petitioner opts to renew this motion, the Court notes that petitioner's proposed method of service on Namazbaeva would, on the current record, likely not comport with the constitutional due process. Petitioner argues that service on Namazbaeva by mail to Five Stars Design comports with due process because she is the sole shareholder, officer, and director of the company. Memorandum of Law in Support of Motion for Leave to Serve Process by Other Means, Dkt. No. 28, 11-12. To be sure, service on a high-level employee's corporate employer could comport with due process. Stream SICAV v. Wang, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013). But the only evidence that Namazbaeva is any way associated with Five Stars Design, let alone that she is a high-ranking employee, is that someone who shares her name is listed on the company's certificate of incorporation. Without corroborating

SO ORDERED.

Dated: New York, NY
      November 10, 2020

_____
JED S. RAKOFF, U.S.D.J.

---

evidence that Namazbaeva is that person, service on Namazbaeva by mail to Five Stars Design would not be reasonably calculated to apprise her of the pendency of the action. See <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950).