UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CKR LAW LLP f/k/a CRONE KLINE RINDE, LLP,

          Petitioner,

        v.

ANDERSON INVESTMENTS INTERNATIONAL, LLC, PARAMOUNT SERVICES LLC a/k/a PARAMOUNT SERVICES LTD., INTECH HOLDINGS (HK) LIMITED a/k/a INTECH INTERNATIONAL GROUP CO. LIMITED a/k/a INTECH HOLDINGS INC., WHITE ROCK ELECTRONIC TRADING LLC, BMR CONSULTING, EDMUND WHITE a/k/a RAVI RACH, GULZHAN NAMAZBAEVA, and SATYABRATO CHAKRAVARTY,

          Respondents.

Civil Action No. 1:20-cv-07937-JSR

---

# MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR LEAVE TO SERVE PROCESS BY OTHER MEANS

 

FELICELLO LAW P.C.
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (646) 564-3510

*Attorneys for Petitioner CKR Law LLP f/k/a Crone Kline Rinde, LLP*

Of counsel:   Michael James Maloney

4844-1603-1949, v. 1

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... 2

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 3

    A.       Summary Background ............................................................................................ 3

    B.       Petitioner's Previous Attempts to Serve Process on Respondents ........................... 4

    C.       The Court's Memorandum and Order ...................................................................... 5

    D.       New Information Regarding Service of Process ..................................................... 5

ARGUMENT ................................................................................................................................. 7

POINT I.     THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT LEAVE TO SERVE RESPONDENTS BY OTHER MEANS ............................................. 7

CONCLUSION .............................................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293 (S.D.N.Y. July 17, 2020) ..................................................................................................8

*Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374 (S.D.N.Y. 2018)..........................................8

*Pearson Educ. Inc. v. Doe 1*, 2019 U.S. Dist. LEXIS 210349, 2019 WL 6498305 (S.D.N.Y. Dec. 2, 2019)..................................................................................................................................8

*Peifa Xu v. Gridsum Holding Inc.*, 2020 U.S. Dist. LEXIS 55452 (S.D.N.Y. Mar. 30, 2020)....7, 8

*Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) .......................................................8

*S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. 2009) .........................7

*Wei Su v. Sotheby's, Inc.*, No. CV-4577 (VEC), 2018 WL 4804675 (S.D.N.Y. 2018).....................7

**Other Authorities**

1969 U.S.T. LEXIS 152, 20 U.S.T. 361 ...........................................................................................2

**Rules**

Fed. R. Civ. P. 4(f)(1)........................................................................................................................3

Fed. R. Civ. P. 4(f)(3)...............................................................................................................1, 2, 7

Fed. R. Civ. P. 4(h)(2)..............................................................................................................1, 2, 8

Fed. R. Civ. P. 4(m) .....................................................................................................................1, 2

Petitioner CKR Law LLP f/k/a Crone Kline Rinde, LLP ("Petitioner") respectfully submits this memorandum of law in support of its renewed motion for an Order, pursuant to Fed. R. Civ. Proc. 4(f)(3), 4(h)(2) and 4(m), granting (i) Petitioner leave to serve process by other means on Respondents Anderson Investments International, LLC ("Anderson"); White Rock Electronic Trading LLC ("White Rock"); Paramount Services LLC a/k/a Paramount Services Ltd. ("Paramount"); BMR Consulting ("BMR"); and Ravi Rach a/k/a Edmund White ("Rach," and together with Anderson, Paramount and BMR, the "Rach Respondents") and Satyabrato Chakravarty ("Chakravarty") and Intech Holdings (HK) Limited a/k/a Intech International Group Co. Limited a/k/a Intech Holdings Inc. ("Intech," and together with Chakravarty, the "Intech Respondents"); and (ii) granting Petitioner leave, pursuant to Rule 4(m), to file at a later time a further renewed motion to serve process by other means on Gulzhan Namazbaeva ("Namazbaeva" and together with the Rach Respondents and the Intech Respondents, the "Respondents").

## PRELIMINARY STATEMENT

By Memorandum Order dated November 10, 2020 (Dkt. No. 31), this Court denied without prejudice Petitioner's previous motion for leave, pursuant to Fed. R. Civ. P. 4(f)(3), 4(h)(2), to serve process on the Respondents by other means. The Court denied the prior motion on the grounds that Petitioner's prior motion lacked sufficient information regarding the expense and delay of effecting service on the Rach Respondents and Intech Respondents pursuant to local law in Nevis and Dubai and the efforts being made by Petitioner to effect service of process on Namazbaeva. The Court granted Petitioner leave to renew its motion upon a showing of such delay and expense.

It is well-settled law that a federal district court has discretion to permit service on parties located outside the United States by alternative means, as suitable to the facts and circumstances of the particular case. On this renewed motion, Petitioner has submitted information demonstrating

1

(i) the expense, delay and uncertainty that would result from serving process on the Rach Respondents pursuant to letters rogatory to local authorities in Nevis and Dubai; (ii) the delay and uncertainty of serving process on the Intech Respondents pursuant to the Convention;[1] and (iii) information demonstrating the need for additional time to effect service of process on Namazbaeva.

In light of the delay, cost and uncertainty of serving the Rach Respondents by letters rogatory and the fact that the Rach Respondents have communicated regularly with Petitioner by email and/or WhatsApp, service on the Rach Respondents by email and WhatsApp, along with registered mail to their last known addresses, will comport with the mandate of Rule 4(f)(3) and 4(h)(2) under the circumstances. Likewise, although Petitioner has commenced service upon the Intech Respondents pursuant to the Convention, service pursuant to the Convention is time-consuming and entirely at the discretion of the Hong Kong central authority. In light of such delay and uncertainty, and the evidence showing that Petitioner has previously communicated with the Intech Respondents by email, service on the Intech Respondents by email, along with registered mail to their last-known addresses, is likely to confer notice on the Intech Respondents consistent with the mandate of Rule 4(f)(3) and 4(h)(2).

Finally, Petitioner has demonstrated good faith efforts to obtain the current location of Namazbaeva for purposes of effecting service upon her pursuant to the Convention and otherwise connecting her to the company, Five Stars Design Ltd., referred to in Petitioner's previous motion. Nonetheless, Petitioner's U.K.-based investigator requires additional time to complete the investigation into Namazbaeva and, therefore, Petitioner should be granted additional time to file a further renewed motion with respect to service upon Namazbaeva. *See* Fed. R. Civ. P. 4(m).

---

[1] Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 1969 U.S.T. LEXIS 152, 20 U.S.T. 361 (the "Convention")

## STATEMENT OF FACTS

### A.  Summary Background

Petitioner respectfully refers the Court to the Statement of Facts set forth in Petitioner's previous motion papers. (*See* 2d Maloney Decl. Exs. 1, 2, 3).[2] In summary, Petitioner is a law firm that undertook the role of escrow agent in a series of financial transactions involving the Respondents (the "Disputed Financial Transactions").[3] (Ex. 3, at 1-2; Ex. 1 ¶¶ 7-13). Other parties to the transaction have now alleged that the Respondents engaged in fraud and other wrongful conduct in connection with the transactions. (Ex. 3, at 3; Ex. 1 ¶ 14). Pursuant to the authority granted to it in Escrow Agreements executed in connection with the transactions, Petitioner has commenced this action to compel the Respondents to arbitrate in New York all disputes related to the transactions. (Ex. 3, at 3; Ex. 1 ¶ 47).

Each of the Respondents is located outside the United States. (Ex. 3, at 4-6). Fed. R. Civ. P. 4(f)(1) permits service on an individual outside the United States pursuant to the Convention. However, two of the Rach Respondents are Nevis limited liability companies and three of the other Rach Respondents are located in Dubai, Emirate of Dubai, United Arab Emirates ("U.A.E."). (Ex. 3, at 4-5; Ex. 1 ¶¶ 16-18, 22-29; Exs. 1-C, 1-D, 1-F, 1-G, 1-H). Neither Nevis nor the U.A.E. are signatories to the Convention and, therefore, the service in accordance with the Convention is not available for those Respondents. (Ex. 3, at 4).

Respondent Intech is a limited company registered in the Hong Kong Special Administrative Region ("Hong Kong"). (Ex. 3, at 5; Ex. 1 ¶¶ 32, 33; Ex. 1-I). Respondent Chakravarty is a director and officer of Intech and, therefore, service of process upon Intech will

---

[2] The "2d Maloney Decl." refers to the Declaration of Michael James Maloney, dated January 28, 2021. All references to "Ex. 1," "Ex. 2," and "Ex. 3" refer to exhibits 1, 2, and 3 to the 2d Maloney Decl., respectively.
[3] Unless defined otherwise herein, all capitalized terms have the meanings assigned in the Petition.

3

be forwarded to Chakravarty. (Ex. 3, at 5-6; Ex. 1 ¶ 13, 37-40). Petitioner has commenced service upon the Intech Respondents pursuant to the Convention; however, service pursuant to the Convention will necessarily cause substantial delay and remains uncertain. (McNair Decl., at 6-10).[4]

The last Respondent, Namazbaeva, is a resident of the United Kingdom. (Ex. 3, at 6; Ex. 1 ¶¶ 23-25, 41-45). Namazbaeva is a director and officer of Respondents Anderson and Paramount and has signatory authority over a BMR account in London. (Ex. 1 ¶¶ 41-45). United Kingdom company records also show that Namazbaeva is the sole shareholder, officer, and director of the U.K. limited company Five Stars Design, Ltd. (*See* Ex. 1 ¶¶ 23-25; Ex. 2-T). Five Stars Design, Ltd. has a registered office with the U.K. Companies House and, therefore, service of papers to the registered office is reasonably calculated to be forwarded to its directors, *i.e.*, Namazbaeva.

### B. Petitioner's Previous Attempts to Serve Process on Respondents

Petitioner commenced this action on September 25, 2020. (ECF Dkt. No. 1). On September 28, 2020, the Clerk issued Summonses to BMR, White Rock, Rach, Namazbaeva, and Chakravarty. (*See* Ex 2 ¶ 5; ECF Dkt. Nos. 11-15). On September 29, 2020, the Court issued a Notice of Court Conference. (*See* Ex. 2 ¶ 6; ECF Dkt. No. 16). On October 1, 2020, the Clerk issued Summonses to Anderson, Paramount, and Intech. (*See* Ex. 2 ¶ 7; ECF Dkt. Nos. 20-22).

Beginning on October 1, 2020, Mr. Rinde received a series of messages from Respondent Rach on the WhatsApp messaging platform. (*See* Ex. 1 ¶ 50; Ex. 1-J). These messages demonstrate that Mr. Rach had knowledge of this action, and the fact that he was named personally as a Respondent, at least as of October 1, 2020. (*See* Ex. 1 ¶ 51; Ex. 1-J).

On October 2, 2020, Petitioner's counsel sent to each of the Respondents, by FedEx

---

[4] The "McNair Decl." refers to the accompanying Declaration of Reid McNair, dated January 18, 2021.

International Priority service, email, and registered mail to their last known addresses, copies of the Petition, the Notice of Court Conference, the Court's local practices, and two copies of the Requests for Waiver of Service of the Summons. (*See* Ex. 1-K). Following service of the foregoing papers, counsel for Petitioner received numerous calls from FedEx International staff advising that they had spoken to Mr. Rach and that he had claimed that Respondents Anderson, Paramount, White Rock, and BMR had closed. (*See* Ex. 2 ¶¶ 29-30). Emails to email addresses for Rach and Chakravarty were not, however, rejected by servers receiving emails at those addresses. (*See* Ex. 2 ¶¶ 15-16, 22).

As of the date of this renewed application, none of the Respondents have returned a duly executed Request for Waiver of Service of the Summons. (*See* Ex. 2 ¶ 32). Accordingly, Petitioner submits that Respondents will not agree to accept service of process and are actively seeking to avoid service of process.

      **C.**      **The Court's Memorandum and Order**

In the Memorandum Order, the Court recognized that Petitioner was not "'whimsically seeking an alternate means of service,'" the Court denied the motion without prejudice on the grounds that Petitioner had not provided sufficient information to show "why service of process under the relevant local law -- here, Nevis and the Emirate of Dubai -- would be prohibitively expensive or unduly delay this action." (Ex. 4, at 7). Likewise, the Court noted a lack of sufficient basis to confirm that the Namazbaeva that is named as a respondent in this action is the same person registered as a director of Five Stars Design, Ltd. (Ex. 4, at 7).

      **D.**      **New Information Regarding Service of Process**

As set forth in the accompanying McNair Decl., Petitioner has retained ABC Legal to assist with the service of process on the Rach Respondents. Mr. McNair has over thirty years' experience with service of process. (McNair Decl., ¶ 2).

1.  *Service on the Intech Respondents in Hong Kong*

ABC Legal has obtained translations and submitted to the central authority of the Hong Kong Special Administrative Region ("Hong Kong") application for service on Intech and Chakravarty pursuant to the Hague Service Convention. (McNair Decl., ¶¶ 4-10). Based on Mr. McNair's experience, service on Intech and Chakravarty in Hong Kong pursuant to the Hague Service Convention "is at the discretion of the Hong Kong central authority and may take 6 or more months to be completed." (McNair Decl., ¶ 10). Accordingly, although Petitioner has duly commenced service on the Intech Respondents pursuant to the Convention, there is no guarantee that the Hong Kong central authority will complete service pursuant to the Convention.

2.  *Service on the Rach Respondents in Nevis and Dubai, U.A.E.*

Neither Nevis nor the U.A.E. are signatories to the Hague Service Convention and, therefore, service on the Rach Respondents located in those jurisdictions must be made by either letters rogatory or "other means" pursuant to Fed. R. Civ. P. 4(f), (h). (*See* McNair Decl., ¶¶ 12,13).

As set forth more fully in the McNair Declaration, service by letters rogatory would incur fees of at least $13,625 (excluding any local fees in Nevis and the U.A.E.), require approximately 14-24 months and, despite the expense and delay involved, there would still be a substantial risk that letters rogatory would "be ignored . . . by the foreign authorities." (McNair Decl., ¶¶ 11-18).

3.  *Petitioner's Efforts to Locate Namazbaeva*

As set forth more fully in the 2d Maloney Decl., Petitioner has engaged the services of a private investigator in the United Kingdom with respect to Namazbaeva. (2d Maloney Decl., ¶ 12). Petitioner's investigator was able to trace Namazbaeva back to her initial application for a Russian Federation passport. (2d Maloney Decl., ¶ 13). However, the investigation is not yet complete and, therefore, Petitioner requires additional time in order to obtain the information necessary to renew

6

its motion with respect to Namazbaeva. (2d Maloney Decl., ¶ 14-15).

## ARGUMENT

### POINT I.

### THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT LEAVE TO SERVE RESPONDENTS BY OTHER MEANS

The decision whether to allow alternative methods of serving process under Fed. R. Civ. P. 4(f)(3) is committed to the sound discretion of the district court. *See Wei Su v. Sotheby's, Inc.*, No. CV-4577 (VEC), 2018 WL 4804675, at *3 (S.D.N.Y. 2018). The Rule "provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. 2009). "There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service, and the decision of whether to allow that service is committed to the sound discretion of the district court." *Peifa Xu v. Gridsum Holding Inc.*, 2020 U.S. Dist. LEXIS 55452, at *37-38 (S.D.N.Y. Mar. 30, 2020) (citation omitted). Rule 4(h)(2) permits service of process upon a corporation located outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

**The Rach Respondents**

Respondents Anderson and Paramount are organized under Nevis law and have mailing addresses in Nevis and office addresses in Dubai, U.A.E. Respondent Rach and BMR are residents of Dubai, U.A.E. Neither the U.A.E. nor Nevis are signatories to the Convention and, therefore, Petitioner's only other option to serve the Rach Respondents would be by letters rogatory issued by this Court to local authorities in Nevis and Dubai. (McNair Decl., ¶ 12-14).

Petitioner has now demonstrated the cost, uncertainty and delay of seeking to effect service

7

by letters rogatory, which simply may be ignored by local authorities. In light of these facts, and the evidence submitted on the prior motion, service by email and WhatsApp to Rach and registered mail to the Rach Respondents' last known addresses would be sufficient to effect service upon them pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2). "Email service has . . . repeatedly been found by courts to meet the requirements of due process." *Pearson Educ. Inc. v. Doe 1*, 2019 U.S. Dist. LEXIS 210349, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)); *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293, at *24-25 (S.D.N.Y. July 17, 2020) (permitting service upon a Spanish corporation by email to its officer).

Accordingly, the Court should grant leave to serve the Rach Respondents by registered mail to their addresses in Nevis and Dubai and by email and WhatsApp to Mr. Rach.

**The Intech Respondents**

Petitioner has commenced service upon the Intech Respondents pursuant to the Convention. (McNair Decl., ¶¶ 6-8). However, service pursuant to the Convention by the central authority in Hong Kong is both time-consuming and uncertain because of the central authority's discretion to complete service. (McNair Decl., ¶¶ 9-10). Therefore, the Court should permit Petitioner to effect service on the Intech Respondents by other means. *See Peifa Xu*, 2020 U.S. Dist. LEXIS 55452, at *37-38; *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Hong Kong does not prohibit the transmission of judicial documents through postal channels. Petitioner has communicated with Chakravarty, an officer of Intech, by email and has knowledge of Intech's registered address on file with the Hong Kong CRC. In light of the facts and circumstances, the Court should exercise its discretion, under Rule 4(h)(2), to permit service upon the Intech Respondents by registered mail to Intech's registered office in Hong Kong and by

8

email to Mr. Chakravarty.

**Namazbaeva**

Although Fed. R. Civ. P. 4(m) ordinarily requires service to be completed within 90 days of filing, that provision also provides that "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f), [or] 4(h)(2). . . ." As set forth in the accompanying declaration of Michael James Maloney, Petitioner requires additional time to complete its investigation into Namazbaeva for purposes of completing service upon her. Accordingly, the Court should grant Petitioner leave to make a further renewed motion upon the completion of its investigation into Namazbaeva.

## CONCLUSION

For all the foregoing reasons, the Court should enter an Order pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), granting Petitioner leave to (i) serve the Rach Respondents by registered mail to the last mailing address in Nevis and to Rach's office address in Dubai and by email and WhatsApp to Rach; (ii) to serve the Intech Respondent by registered mail to the last known address of Intech in Hong Kong and by email to Respondent Chakravarty; and (iii) leave, pursuant to Fed. R. Civ. P. 4(m), to make a further renewed motion to serve Respondent Namazbaeva by other means upon completion of Petitioner's investigation, and granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 28, 2021

Respectfully submitted,

FELICELLO LAW P.C.

By:  */s/ Michael James Maloney*
       Michael James Maloney
       1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (212) 584-7806
mmaloney@felicellolaw.com

9

4844-1603-1949, v. 1

*Attorneys for CKR Law LLP f/k/a Crone Kline Rinde, LLP*

10