UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CKR LAW LLP f/k/a CRONE KLINE RINDE, LLP,<br><br>           Petitioner,<br><br>           v.<br><br>ANDERSON INVESTMENTS INTERNATIONAL, LLC, PARAMOUNT SERVICES LLC a/k/a PARAMOUNT SERVICES LTD., INTECH HOLDINGS (HK) LIMITED a/k/a INTECH INTERNATIONAL GROUP CO. LIMITED a/k/a INTECH HOLDINGS INC., WHITE ROCK ELECTRONIC TRADING LLC, BMR CONSULTING, EDMUND WHITE a/k/a RAVI RACH, GULZHAN NAMAZBAEVA, and SATYABRATO CHAKRAVARTY,<br><br>           Respondents. | Civil Action No. 1:20-cv-07937-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF SECOND RENEWED MOTION FOR LEAVE TO SERVE PROCESS BY OTHER MEANS**

FELICELLO LAW P.C.
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (646) 564-3510

*Attorneys for Petitioner CKR Law LLP f/k/a Crone Kline Rinde, LLP*

Of counsel:    Michael James Maloney

4849-4367-4082, v. 2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS .................................................................................................................. 1

    A.    Summary Background ........................................................................................... 1

    B.    Petitioner's Previous Attempts to Serve Process on Namazbaeva ............................... 3

    C.    The Court's Memorandum and Order ........................................................................ 3

    D.    New Information Regarding Namazbaeva ................................................................. 4

ARGUMENT ....................................................................................................................................... 5

POINT I.    THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT LEAVE TO SERVE NAMAZBAEVA BY OTHER MEANS ............................................... 5

CONCLUSION .................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986) ........................................................................6

*CKR Law LLP v. Anderson Investments International LLC*, 2021 U.S. Dist. LEXIS 46890 (S.D.N.Y. Mar. 12, 2021) ........................................................................6

*Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293 (S.D.N.Y. July 17, 2020) ........................................................................6

*Guy Carpenter & Co., LLC v. Samengo-Turner*, 2007 U.S. Dist. LEXIS 42730 (S.D.N.Y. June 14, 2007) ........................................................................6

*Peifa Xu v. Gridsum Holding Inc.*, 2020 U.S. Dist. LEXIS 55452 (S.D.N.Y. Mar. 30, 2020) ........5

*S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. 2009) ........................5

*Stream SICAV v. Wang*, 989 F. Supp. 2d 264 (S.D.N.Y. 2013) ........................................................................6

*Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017) ........................................................................6

*Wei Su v. Sotheby's, Inc.*, No. CV-4577 (VEC), 2018 WL 4804675 (S.D.N.Y. 2018) ....................5

**Other Authorities**

1969 U.S.T. LEXIS 152, 20 U.S.T. 361 ........................................................................2

**Rules**

Fed. R. Civ. P. 4(f)(1) ........................................................................2

Fed. R. Civ. P. 4(f)(3) ........................................................................1, 5

4849-4367-4082, v. 2

Petitioner CKR Law LLP f/k/a Crone Kline Rinde, LLP ("Petitioner") respectfully submits this memorandum of law in support of its second renewed motion for an Order, pursuant to Fed. R. Civ. Proc. 4(f)(3), granting Petitioner leave to serve process by other means on Respondent Gulzhan Namazbaeva ("Namazbaeva") by (i) registered mail to her current residential address; (ii) registered mail to the registered office of Five Stars Design Ltd., a U.K. private limited company ("Five Stars"); and (iii) registered mail to the last known office of Respondent Anderson Investments International, LLC ("Anderson").

## PRELIMINARY STATEMENT

By Memorandum Order dated March 12, 2021 (Dkt. No. 37), this Court substantially granted Petitioner's previous motion for leave, pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), to serve process on Respondents Anderson; White Rock Electronic Trading LLC ("White Rock"); Paramount Services LLC a/k/a Paramount Services Ltd. ("Paramount"); BMR Consulting ("BMR"); and Ravi Rach a/k/a Edmund White ("Rach," and together with Anderson, Paramount and BMR, the "Rach Respondents") and Satyabrato Chakravarty ("Chakravarty") and Intech Holdings (HK) Limited a/k/a Intech International Group Co. Limited a/k/a Intech Holdings Inc. ("Intech," and together with Chakravarty, the "Intech Respondents") by other means. The Court also granted Petitioner until March 22, 2021 to renew its motion for leave to serve Respondent Namazbaeva by other means.

Now, upon the receipt of results from its investigation into the current residential address of Namazbaeva, Petitioner renews its motion for leave to serve her by other means.

## STATEMENT OF FACTS

### A.    Summary Background

Petitioner respectfully refers to the Court's March 12, 2021 Memorandum Order and the recitation of facts and the procedural history set forth therein. (Dkt. No. 37). Petitioner also refers

1

the Court to the Statement of Facts set forth in Petitioner's previous motion papers. (*See* Dkt. Nos. 33-1 to 33-3).[1] In summary, Petitioner is a law firm that undertook the role of escrow agent in a series of financial transactions involving the Respondents (the "Disputed Financial Transactions").[2] (Ex. 3, at 1-2; Ex. 1 ¶¶ 7-13). Other parties to the transaction have now alleged that the Respondents engaged in fraud and other wrongful conduct in connection with the transactions. (Ex. 3, at 3; Ex. 1 ¶ 14). Pursuant to the authority granted to it in Escrow Agreements executed in connection with the transactions, Petitioner has commenced this action to compel the Respondents to arbitrate in New York all disputes related to the transactions. (Ex. 3, at 3; Ex. 1 ¶ 47).

The last Respondent, Namazbaeva, is a resident of the United Kingdom. (Ex. 3, at 6; Ex. 1 ¶¶ 23-25, 41-45). Fed. R. Civ. P. 4(f)(1) permits service on an individual outside the United States pursuant to the Convention.[3] Service pursuant to the Convention, however, is subject to substantial delays. (*See* 3d Maloney Decl. ¶¶ 18-19; *see also* Dkt. 34, McNair Decl. ¶ 10). Namazbaeva is a director and officer of Respondents Anderson and Paramount and has signatory authority over a BMR account in London. (Ex. 1 ¶¶ 41-45). Petitioner previously submitted U.K. company records showing that Namazbaeva is the sole shareholder, officer, and director of the U.K. limited company Five Stars Design, Ltd. (*See* Ex. 1 ¶¶ 23-25; Ex. 2-T). Five Stars Design, Ltd. has a registered office with the U.K. Companies House. The U.K. Companies House maintains information on U.K. companies and, therefore, service of papers to the office registered with the U.K. Companies House is reasonably calculated to be forwarded to its directors, *i.e.*, Namazbaeva.

---

[1] The "2d Maloney Decl." refers to the Declaration of Michael James Maloney, dated January 28, 2021. (Dkt. No. 33) All references to "Ex. 1," "Ex. 2," and "Ex. 3" refer to exhibits 1, 2, and 3 to the 2d Maloney Decl., respectively. (Dkt. Nos. 33-1, 33-1, 33-3).
[2] Unless defined otherwise herein, all capitalized terms have the meanings assigned in the Petition. (Dkt. No. 1).
[3] Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 1969 U.S.T. LEXIS 152, 20 U.S.T. 361 (the "Convention")

https://www.gov.uk/government/organisations/companies-house/about-our-services

### B. Petitioner's Previous Attempts to Serve Process on Namazbaeva

Petitioner commenced this action on September 25, 2020. (ECF Dkt. No. 1). On September 28, 2020, the Clerk issued Summonses to BMR, White Rock, Rach, Namazbaeva, and Chakravarty. (*See* Ex 2 ¶ 5; ECF Dkt. Nos. 11-15). On September 29, 2020, the Court issued a Notice of Court Conference. (*See* Ex. 2 ¶ 6; ECF Dkt. No. 16). On October 1, 2020, the Clerk issued Summonses to Anderson, Paramount, and Intech. (*See* Ex. 2 ¶ 7; ECF Dkt. Nos. 20-22).

On October 2, 2020, Petitioner's counsel sent to Namazbaeva, by FedEx International Priority service to the registered address of Five Stars Design Ltd., a U.K. public company, copies of the Petition, the Notice of Court Conference, the Court's local practices, and two copies of the Requests for Waiver of Service of the Summons. (*See* Dkt. No. 24; Ex. 1-K). As of the date of this renewed application, the papers sent to Namazbaeva by FedEx on October 2, 2020 have not been returned. Namazbaeva, however, has not returned a duly executed Request for Waiver of Service of the Summons. (*See* Ex. 2 ¶ 32).

### C. The Court's Previous Rulings

In the Court's November 20, 2020 Memorandum Order (Dkt. No. 31), the Court recognized that Petitioner was not "'whimsically seeking an alternate means of service.'" But, the Court noted a lack of sufficient basis to confirm that the Namazbaeva that is named as a respondent in this action is the same person registered as a director of Five Stars Design, Ltd. (Dkt. No. 31, at 7).

In the Court's March 12, 2021 Memorandum Order (Dkt. No. 37), the Court substantially granted Petitioner's motion with respect to the other Respondents and granted Petitioner until March 22, 2021 to renew its motion against Namazbaeva.

### D. New Information Regarding Namazbaeva

As set forth in the accompanying McDonald Decl.[4], Petitioner has retained Matrix Intelligence, a corporate intelligence services firm with offices in London and Edinburgh, to assist in locating Namazbaeva for service. (McDonald Decl. ¶¶ 2-4). Scott McDonald is the principal investigator assigned by Matrix Intelligence assigned to this project.

Through Mr. McDonald's efforts, Petitioner has learned that Namazbaeva's current residential address is 114B, Heath Road, Twickenham, London, TW1 4BW. (McDonald Decl. ¶ 11). Petitioner has commenced the process of serving Namazbaeva through the U.K.-designated "central authority," in accordance with the Convention, but has been informed that completion of this service will likely require six or more months. (3d Maloney Decl. ¶ 19).[5] Petitioner has also retained solicitors in the U.K. to serve Namazbaeva pursuant to Article 5(c) of the Convention, but the time to complete this service is also unknown. (3d Maloney Decl. ¶ 20).

Also through Mr. McDonald's efforts, Petitioner has learned that the Namazbaeva named as a Respondent in this action previously served as a director of the U.K. private limited company Steppe Capital (UK) Ltd. (McDonald Decl. ¶ 7). The same person is also the current director of Five Stars. (3d Maloney Decl. ¶¶ 14-16; 3d Maloney Decl, Ex. A; 1st Maloney Decl.[6] ¶¶ 23-26; 1st Maloney Decl. Exs. S,T [Dkt. 29-8, 29-9]). Petitioner has also learned with reasonable certainty that the office for Anderson listed on the documents relevant to Petitioner's underlying claims, "Main Street P.O. Box 556, Charlestown Nevis," is also the address of Morning Star Holdings Ltd., the oldest corporate registered agent in Nevis. (3d Maloney Decl. ¶¶ 21-23; 3d Maloney Decl. Ex. B).

---

[4] The "McDonald Decl." refers to the Declaration of Stuart McDonald, dated March 22, 2021.
[5] The "3d Maloney Decl." refers to the Declaration of Michael James Maloney, dated March 22, 2021.
[6] The "1st Maloney Decl." refers to the Declaration of Michael James Maloney, dated October 19, 2020. (Dkt. 29).

4

# ARGUMENT

## POINT I.

### THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT LEAVE TO SERVE NAMAZBAEVA BY OTHER MEANS

The decision whether to allow alternative methods of serving process under Fed. R. Civ. P. 4(f)(3) is committed to the sound discretion of the district court. *See Wei Su v. Sotheby's, Inc.*, No. CV-4577 (VEC), 2018 WL 4804675, at *3 (S.D.N.Y. 2018). The Rule "provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. 2009). "There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service, and the decision of whether to allow that service is committed to the sound discretion of the district court." *Peifa Xu v. Gridsum Holding Inc.*, 2020 U.S. Dist. LEXIS 55452, at *37-38 (S.D.N.Y. Mar. 30, 2020) (citation omitted). As the Court found in its March 12, 2021 Memorandum Order, "petitioner has reasonably attempted to effectuate service on respondents, and that the circumstances are such that the Court's intervention is necessary." (Dkt. No. 37).

The only issue that remained open after the Court's March 12, 2021 decision, was whether Petitioner had accurately identified the Respondent Namazbaeva as the same person who currently serves as a director of Five Stars or whether Petitioner would be able to locate Namazbaeva's residential address. Claimant now has substantial proof that Respondent Namazbaeva is the same person who currently serves as a director of Five Stars and Petitioner has also located Namazbaeva's current residential address. Thus, service on Namazbaeva at her home address and the registered office of Five Stars is reasonably calculated to provide notice of this action. Petitioner has also obtained evidence showing that service on Namazbaeva to the last known

address of Respondent Anderson is also reasonably calculated to provide notice of this action.

**Service by Registered Mail**

"'[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.'" *CKR Law LLP v. Anderson Investments International LLC*, 2021 U.S. Dist. LEXIS 46890, at *13 (S.D.N.Y. Mar. 12, 2021) (quoting *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017)).

"It is undisputed that the service by mail . . . not prohibited by federal law." *CKR Law LLP*, 2021 U.S. Dist. LEXIS 46890, at *10 (quoting *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293, at *12 n.4 (S.D.N.Y. July 17, 2020)). And the United Kingdom has not objected to service by mail. "*Guy Carpenter & Co., LLC v. Samengo-Turner*, 2007 U.S. Dist. LEXIS 42730, at *7 (S.D.N.Y. June 14, 2007) (Since the United Kingdom has not objected to Article 10(a) of the Convention, service through international registered mail remains an acceptable method of serving . . . individual defendants who reside in the United Kingdom") (citing *Ackermann v. Levine*, 788 F.2d 830, 840 (2d Cir. 1986)).

Accordingly, the Court should grant Petitioner leave to serve Namazbaeva by registered mail to her residential address in London.

**Service by Registered Mail to the Registered Office of Five Stars**

"'Courts have sensibly held that service on a high-level employee's corporate employer . . . is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process.'" *CKR Law LLP*, 2021 U.S. Dist. LEXIS 46890, at *14 (S.D.N.Y. Mar. 12, 2021) (quoting *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013)).

Here, Petitioner has demonstrated with sufficient certainty that the Namazbaeva who

serves as the director of Five Stars is the same person who is named as a respondent in this action. Accordingly, the Court should grant Petitioner leave to serve Namazbaeva by international mail to the registered office of Five Stars.

### **Service by Registered Mail to the Office Address of Anderson in Nevis**

Petitioner has demonstrated with sufficient certainty that the address of Anderson, "Main Street P.O. Box 556, Charlestown, Nevis," is that of a registered agent, Morning Star Holdings Limited, licensed by the Nevis Financial Services Regulatory Authority. Agreements relevant to the underlying dispute were executed by Namazbaeva in her capacity as director of Anderson. Accordingly, it is reasonably certain that process sent by registered mail to this address will be forwarded Namazbaeva by the registered agent for Anderson.

## CONCLUSION

For all the foregoing reasons, the Court should enter an Order pursuant to Fed. R. Civ. P. 4(f)(3), granting Petitioner leave to serve Namazbaeva by (i) registered mail to her residential address in London; (ii) registered mail to the registered office of Five Stars; and (iii) registered mail to the office of Anderson, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 22, 2021

Respectfully submitted,

FELICELLO LAW P.C.

By:    /s/ Michael James Maloney
       Michael James Maloney
       1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (646) 564-3510
mmaloney@felicellolaw.com
*Attorneys for CKR Law LLP f/k/a Crone Kline Rinde, LLP*