```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
CKR LAW LLP f/k/a CRONE KLINE RINDE,  :
LLP.                                  :    20 Civ. 7937
                                      :
     Petitioner,                      :
                                      :
         -v-                          :
                                      :    MEMORANDUM ORDER
ANDERSON INVESTMENTS INTERNATIONAL,   :
LLC, PARAMOUNT SERVICES LLC a/k/a     :
PARAMOUNT SERVICES LTD., INTECH       :
HOLDINGS (HK) LIMITED a/k/a INTECH    :
INTERNATIONAL GROUP CO. LIMITED a/k/a :
INTECH HOLDINGS INC., WHITE ROCK      :
ELECTRONIC TRADING LLC, BMR           :
CONSULTING, EDMUND WHITE a/k/a RAVI   :
RACH, GULZHAN NAMAZBAEVA, and         :
SATYABRATO CHAKRAVARTY,               :
                                      :
     Respondents.                     :
-------------------------------------x
```

Now before the Court is petitioner's motion, pursuant to Fed. R. Civ. P. 4(f)(3), for leave to serve process by "alternative means" on respondent Gulzhan Namazbaeva. For the reasons set forth below, the motion is granted.

**Background**

Familiarity with prior proceedings in this case is here assumed. See generally CKR Law LLP v. Anderson Investments International, LLC, --- F. Supp. 3d ---, 2021 WL 935843 (S.D.N.Y. Mar. 12, 2021). As relevant here, petitioner is a law firm that served as escrow agent in a series of financial transactions

1

involving respondents, all of whom are located outside the United States. Petition to Compel Arbitration, Dkt. No. 1, ¶ 1. After other parties to those transactions alleged wrongdoing on the part of respondents, petitioner filed this action on September 25, 2020 to compel respondents to arbitrate in New York all disputes related to the transactions. Id. Since then, petitioner has been seeking to effectuate service of process on respondents.

In its initial motion for leave to serve process by alternative means, petitioner contended that Namazbaeva is a resident of the United Kingdom, a director of respondents Anderson Investments International LLC ("Anderson") and Paramount Services LLC a/k/a Paramount Services Ltd. ("Paramount"), and an officer and director of a United Kingdom company called Five Stars Design, Ltd. ("Five Stars") See Memorandum Order dated November 10, 2020, Dkt. No. 31, at 2-3. Petitioner sought leave to serve Namazbaeva by registered mail to the registered address for Five Stars. Id. at 4. The Court denied that motion, holding that petitioner had failed to provide sufficient information regarding why alternative service was necessary in this case. See id. at 7. The Court also observed that petitioner's proposed method of service on Namazbaeva would "likely not comport with constitutional due process" because "the only evidence that Namazbaeva is in any way associated with [Five Stars], let alone that she is a high-ranking

2

employee, is that someone who shares her name is listed on the company's certificate of incorporation." Id.[1]

Petitioner thereafter renewed its motion to serve respondents by alternative means. Dkt. No. 32. On March 12, 2021, the Court substantially granted that motion. See CKR Law, 2021 WL 935843, at *5. As to Namazbaeva, however, petitioner explained that it had "engaged the services of a private investigator in the United Kingdom . . . but that the investigation is not yet complete." Id. Accordingly, the Court granted petitioner "additional time to complete its investigation into Namazbaeva for purposes of completing service upon her." Id. Petitioner timely filed such a motion on March 22, 2021. Dkt. No. 40.

Petitioner's private investigator has now completed his work. He determined "with confidence" that Namazbaeva's current residential address is 114B, Heath Road, Twickenham, London, TW1 4BW. See Declaration of Stuart McDonald, Dkt. No. 41, ¶ 11. The private investigator also reported that he "traced Ms. Namazbaeva to a certificate of incorporation of a private limited company on UK Companies House -- Steppe Capital (UK) Limited." Id. ¶ 7. That same person is also listed as the current director of Five Stars. See Declaration of Michael James Maloney in Support of Renewed

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Motion Pursuant to Fed. R. Civ. Proc. 4(f)(3), Dkt. No. 42, ¶¶ 14-16. Finally, petitioner explains that the Nevis office of respondent Anderson -- Main Street P.O. Box 556, Charlestown, Nevis -- is also the address of Morning Star Holdings Ltd., a registered agent in Nevis. Id. ¶¶ 21-23.

### Discussion

In light of this investigation, petitioner seeks an order, pursuant to Fed. R. Civ. P. 4(f)(3), permitting alternative service on Namazbaeva by: (i) registered mail to her current residential address in the United Kingdom; (ii) registered mail to the registered office of Five Stars in the United Kingdom; and (iii) registered mail to the office of respondent Anderson in Nevis.

Federal Rule of Civil Procedure 4(f)(3) permits plaintiffs to serve "an individual . . . at a place not within any judicial district of the United States . . . [by] means not prohibited by international agreement, as the court orders." "Courts have discretion to approve a method of alternative service under Rule 4(f)(3) when it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Xiaoyuan Zhang v. Valaris plc, No. 19-cv-7816 (NRB), 2021 WL 982460, at *2 (S.D.N.Y. Mar. 16, 2021). "A means of service comports with due process if it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

4

their objections.'" Id. (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).[2]

I. Service by Registered Mail in the United Kingdom

Petitioner seeks to serve Namazbaeva by registered mail both to her current residential address and to the office of Five Stars, both of which are in the United Kingdom.

These proposed methods of service do not run afoul of any international agreement. The United Kingdom is a signatory to the Hague Convention. See https://www.hcch.net/en/states/hcch-members/details1/?sid=75 (last visited March 25, 2021). "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1513 (2017). Both conditions are met here. The first is met because the United Kingdom does not object to service by mail. See https://www.hcch.net/en/states/authorities

---

[2] As a threshold matter, "courts will ordinarily permit alternative service only where the moving party shows that it has reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the court's intervention is necessary." CKR Law, 2021 WL 935843, at *3. The Court previously found that "petitioner has reasonably attempted to effectuate service on respondents, and that the circumstances are such that the Court's intervention is necessary." Id. That finding remains true with respect to petitioner's efforts to serve Namazbaeva.

/details3/?aid=278 (last visited March 25, 2021); see also Guy Carptenter & Co. v. Samengo-Turner, No. 07-cv-3580 (DLC), 2007 WL 1705070, at *2 (S.D.N.Y. Jun. 14, 2007) ("[S]ervice through international registered mail remains an acceptable method of serving . . . individual defendants who reside in the United Kingdom."). "The second condition is satisfied because service by mail is here authorized by 'otherwise-applicable law' -- namely, Rule 4(f)(3), which authorizes any other means of service as long as it is not prohibited by international agreement." CKR Law, 2021 WL 935843, at *4.

These proposed methods of service also comport with due process. Given the private investigator's confidence that he has successfully located Namazbaeva's residential address, service to that address is reasonably calculated to apprise Namazbaeva of the pendency of this action. Service on Five Stars would likewise comport with due process since "service on a high-level employee's corporate employer is 'reasonably calculated' to apprise the employee." See id.

Accordingly, the Court grants petitioner's proposal to serve Namazbaeva by registered mail both to her current residential address and to the office of Five Stars.

II. Service by Registered Mail in Nevis

Petitioner also seeks leave to serve Namazbaeva by registered mail to the office address of respondent Anderson in Nevis. Nevis

6

is not a signatory to the Hague Convention, and the Court is aware of no other international agreement to which Nevis is a party that would prohibit service by mail. And because Namazbaeva is allegedly a high-level officer of respondent Anderson, service on Namazbaeva by registered mail to respondent Anderson would comport with due process. Indeed, because the address of respondent Anderson is the same as a registered agent, it is all the more likely that process sent by registered mail to this address will be forwarded to Namazbaeva. Accordingly, the Court grants petitioner's proposal to serve Namazbaeva by registered mail to the office address of respondent Anderson.

## Conclusion

For the foregoing reasons, petitioner's motion is granted and is petitioner is hereby granted leave to serve Namazbaeva by: (i) registered mail to her current residential address; (ii) registered mail to the registered office of Five Stars; and (iii) registered mail to the office of respondent Anderson.

SO ORDERED.

Dated: New York, NY
       March 26, 2021

_____
JED S. RAKOFF, U.S.D.J.