UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CKR LAW LLP f/k/a CRONE KLINE RINDE, :
LLP.                                 :   20 Civ. 7937
                                     :
     Petitioner,                     :
                                     :
          -v-                        :
                                     :   OPINION AND ORDER
ANDERSON INVESTMENTS INTERNATIONAL,  :
LLC, PARAMOUNT SERVICES LLC a/k/a    :
PARAMOUNT SERVICES LTD., INTECH      :
HOLDINGS (HK) LIMITED a/k/a INTECH   :
INTERNATIONAL GROUP CO. LIMITED a/k/a:
INTECH HOLDINGS INC., WHITE ROCK     :
ELECTRONIC TRADING LLC, BMR          :
CONSULTING, EDMUND WHITE a/k/a RAVI  :
RACH, GULZHAN NAMAZBAEVA, and        :
SATYABRATO CHAKRAVARTY,              :
                                     :
     Respondents.                    :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

This is a petition to compel arbitration under the Federal arbitration Act ("FAA"), 9 U.S.C. § 4. The respondents are in default, and petitioner moves for a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), for an order compelling arbitration. This motion presents an array of issues concerning the relationship between Rule 55 and Section 4 of the FAA, including whether default judgment is even available in a proceeding to compel arbitration in the first instance. After considering these issues, the Court grants petitioner's motion for default judgment.

1

## Background

As noted, this proceeding arises under the FAA. Section 4 of the FAA provides that a party aggrieved by the alleged refusal of another to arbitrate under a written agreement may petition a federal district court for an order directing that arbitration proceed in the manner provided for in the agreement. The statute requires that the party in default receive "five days notice in writing of such application" and that service be made "in the manner provided by the Federal Rules of Civil Procedure." 9 U.S.C. § 4. Following the filing of the petition for an order, the court must hold a hearing to determine if an order compelling arbitration should be entered. Id.

Petitioner is a law firm that served as an escrow agent in a series of financial transactions involving respondents. Petition to Compel Arbitration ("Pet."), Dkt. No. 1, ¶ 1. After other parties to the financial transactions alleged that the respondents engaged in fraud and other wrongful conduct in connection with the transactions, petitioner filed this petition on September 25, 2020 to compel the respondents to arbitrate in New York all disputes related to those transactions. Id. Petitioner has since effectuated service on each of the respondents pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2). See Dkt. Nos. 37, 44. The last of the respondents -- Gulzhan Namazbaeva -- was served on March 29, 2021. Dkt. No. 45.

On April 7, 2021, the Court convened a telephonic hearing, at which petitioner but no respondents appeared. The Court granted petitioner leave to file for default judgment on or after April 26, 2021. See Dkt. Entry dated April 7, 2021.[1] On May 12, 2021, petitioner sought a clerk's certificate of default, pursuant to Fed. R. Civ. P. 55(a), which was granted the next day. See Dkt. No. 50 ("Certificate of Default"). Petitioner thereafter moved for default judgment as against all respondents. Dkt. No. 51.

## DISCUSSION

The Court begins by ensuring that it has subject matter jurisdiction over the petition. Then, the Court addresses personal jurisdiction. Finally, the Court determines whether default judgement is available and warranted in this case.

### I. Subject Matter Jurisdiction

Section 4 of the FAA states that a motion to compel arbitration can be filed in "any United States district court

---

[1] The Court credited petitioner's assumption that Namazbaeva's time to answer expired on April 19, 2021 -- twenty-one days after service was effectuated, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). In fact, however, § 4 requires only five days' notice before holding a hearing on the petition. The First Circuit has held that a district court may enter default judgment against a non-appearing respondent that fails to appear at a hearing held more than five days but fewer than twenty-one days after service was effectuated. See Unionmutual Stock Life Ins. Co of America v. Beneficial Life Ins. Co., 774 F.2d 524 (1st Cir. 1985). The hearing in this case was held more than five days following service of process, and, in any event, more than twenty-one days has passed since the respondents were served.

which, save for such [arbitration] agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties . . . ." As the Supreme Court has explained, the statute "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983).[2] Here, the petition invokes diversity jurisdiction. Pet. ¶ 18 (invoking 28 U.S. § 1332).

"It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity' -- that is, that it does not share citizenship with any defendant." Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 445 (2d Cir. 1995). The petition alleges that petitioner is a California entity with primary offices in New York; and that the respondents are residents of Nevis, Hong Kong, Dubai, or the United Kingdom. See Pet. ¶¶ 9-17. Accordingly, the petition adequately alleges complete diversity between the parties.

---

[2] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

4

As for the amount in controversy, so long as the sum claimed is made in good faith, dismissal for lack of subject matter jurisdiction is unwarranted unless it "appears to a legal certainty that the claim is really for less than [$75,000]." Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157, 160 (2d Cir. 1998). "[T]he amount in controversy in a petition to compel arbitration . . . is determined by the underlying cause of action that would be arbitrated." Id. The petition identifies eleven disputed transactions and plausibly alleges that the amount in controversy exceeds $75,000. Pet. ¶¶ 18, 26.³ Therefore, the Court has subject matter jurisdiction over this petition.

## II. Personal Jurisdiction

It is well-established that a default judgment entered by a court that lacks personal jurisdiction over the parties is void. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011). A party against whom a default judgment is entered has two options. First, it could assert its voidness argument before the district court under Fed. R. Civ. P. 60(b)(4), which permits district courts to "relieve a party . . . from a final judgment . . . [if] the judgment is void." See "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008) (explaining that

---

³ In addition, an escrow agreement submitted in connection with this default judgment motion indicates that the loan amount at issue in just one of the disputed transactions was $12 million. Dkt. No. 52-2.

5

a defendant seeking to challenge a default judgment for lack of personal jurisdiction may proceed under Rule 60(b)(4)); see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding."). Alternatively, although less common, the party could "skip the motion to vacate the default judgment [under Rule 60(b)(4)] and instead directly appeal the entry of a default judgment." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001). In either case, however, a court will eventually have to determine whether the default judgment is void for lack of personal jurisdiction.

To promote judicial economy, many courts of appeals require that the district court determine whether it has jurisdiction over a non-appearing defendant before entering default judgment. See, e.g., Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005) ("[A] court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant."); In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void. To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.");

6

Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case.").

The Second Circuit has not adopted such a rule. Instead, in this Circuit, a court may -- but is not required to -- undertake a personal jurisdiction analysis before granting default judgment. Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010) ("We need not -- and explicitly do not -- address here whether a district court must investigate its personal jurisdiction over defendant before entering a default judgment. We leave that issue for another day and hold only that a court may raise personal jurisdiction sua sponte when a defendant has failed to appear."). Some courts, invoking judicial economy, opt to analyze personal jurisdiction before entering default judgement against a non-appearing party. See, e.g., Yao Wu v. BDK DSD, No. 14-cv-5402 (CBA), 2015 WL 5664256, at *2 (E.D.N.Y. Aug. 31, 2015) report and recommendation adopted by 2015 WL 5664534 (Sept. 22, 2015) ("Judgments rendered against a defendant over whom a court lacks personal jurisdiction are void and may later be vacated by motion brought pursuant to Fed. R. Civ. P. 60(b)(4). It therefore preserves judicial economy for the court to assess personal jurisdiction from the outset and thereby avoid rendering a void judgment."). Other courts have looked into personal jurisdiction

7

because of case- or party-specific reasons, such as, for example, because similar cases filed by the plaintiff had been dismissed for lack of personal jurisdiction. See <u>Freeplay Music, LLC v. Nian Infosolutions Private Ltd.</u>, No. 16-cv-5883, 2018 WL 3639929, at *4 (S.D.N.Y. Jul. 10, 2018), <u>report and recommendation adopted by</u> 2018 WL 3632524 (Jul. 31, 2018).

The Court disagrees with this approach and declines to inquire into personal jurisdiction, at least in this particular case and in this particular posture. For one thing, the Court is skeptical that addressing personal jurisdiction, in this posture and without the benefit of adversarial briefing, actually preserves judicial resources. Even if the Court were to determine that it possessed jurisdiction over the respondents, the respondents could later attack the default judgment as void either under Rule 60(b)(4) or on direct appeal. A court would then have to re-analyze the personal jurisdiction issue, thereby duplicating work. And if the respondents have no intention of attacking the default judgment -- that is, if they effectively waive their personal jurisdiction arguments -- then the initial analysis will have been unnecessary. By waiting until a party actually contests personal jurisdiction, a court ensures that it will resolve only those issues that are properly presented.

Moreover, there are case-specific reasons for the Court not to inquire into personal jurisdiction at this posture. This is a

petition to compel arbitration, where the only relief petitioner seeks is an order compelling the respondents to arbitrate petitioner's claims that they breached the relevant contracts. The Second Circuit has instructed that such petitions "are to be decided with dispatch," ISC Holding, 688 F.3d at 115, a mandate that cuts against what could be a time-consuming analysis of personal jurisdiction. In addition, a petition to compel arbitration does not present the last chance for a court to resolve personal jurisdiction. Should petitioner prevail in arbitration -- whether on the merits or by default -- it will have to return to this Court to confirm that award pursuant to 9 U.S.C. § 9. It is possible that a respondent will, at some point in time between now and then, appear and contest jurisdiction. At that point, the Court will be better positioned to resolve the issue.[4]

---

[4] The Court will, however, pause to address one issue related to service of process. In a pair of memorandum orders, the Court granted petitioner leave to serve respondents, all of whom are located outside the United States, under Rule 4(f)(3) and 4(h)(2). Petitioner then filed certificates of service affirming that it effectuated service of process in the manner approved by the Court. Dkt. Nos. 38 & 45. After serving respondent Namazbaeva, petitioner's counsel received a letter from Namazbaeva categorically denying any "knowledge of the events listed in your document" and affirming that she has "never met anyone from [petitioner] nor corresponded with them at any time." See Dkt. No. 53-1. Petitioner maintains, nonetheless, that it served the correct person. See Maloney Decl., Dkt. No. 53, at 2 n.1. Although it is possible that the Namazbaeva served by petitioner is a different Namazbaeva than the person named in the petition, that possibility is not sufficient to defeat an otherwise proper service of process.

## III. Default Judgment

Federal Rule of Civil Procedure 55 sets out a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Mickalis, 645 F.3d at 128; see also Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Id.

A. Step One -- Entry of Default

---

Where, as here, the Court grants a motion to effectuate service under Fed. R. Civ. P. 4(f)(3), such service is sufficient to sustain a default judgment even where the person served later contends that it was a case of mistaken identity. If, in fact, the person served was the wrong person, that person should confer with counsel for the serving party and, if necessary, move to dismiss the petition on that basis. Such a person ignores the proceeding at her own risk.

Under Rule 55(a), a party can enter default in one of two ways: either by failing to plead or by failing to "otherwise defend" in the action. Here, the respondents, after having been served, failed to attend a telephonic hearing or otherwise participate in this action. Accordingly, the Clerk of the Court issued a Certificate of Default, certifying that the "respondents have not filed an answer or otherwise moved with respect to the Petition." Dkt. No. 50.

The manner in which entry of default operates in a proceeding to compel arbitration warrants further discussion. Section 6 of the FAA mandates that the Court treat petitions as motions, not complaints. See 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."); see also Moses H. Cone Memorial Hosp, 460 U.S. at 22 n.26 ("Under § 6 of the Arbitration Act, [petitioner's] application for a § 4 order was properly treated procedurally as a motion."). Thus, petitions to compel are not treated as "actions" to which responsive "pleadings" are even possible in the first instance. See ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 112 (2d Cir. 2012) ("[Respondent] could not have filed an answer here, any more than [petitioner] could have filed a complaint."); see also id. at 116 n.35 ("[T]he operation of 9

U.S.C. §§ 4 and 6 . . . preclud[e] the availability of an answer to a petition to compel arbitration.").

There is a colorable argument that Rule 55 should not apply in the context of a motion to compel arbitration. The Second Circuit has previously explained that default judgments "are generally inappropriate" in a proceeding to confirm or vacate an arbitral award under § 9 of the FAA. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95 (2d Cir. 2006). There, the panel explained that where there is a record before the court, rather than only the allegations of one party found in the complaint, "the petition and accompanying record should [be] treated as akin to a motion for summary judgment." Id. at 110-11. A party's failure to respond to such a petition, like a party's failure to respond to a motion for summary judgment, does not warrant default judgment "because, even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. Indeed, at least one district court has concluded that default judgment is unavailable in a proceeding to compel arbitration. See Bridgeport Management, Inc. v. Lake Mathews Mineral Properties, Ltd., No. 14-cv-70 (JST), 2014 WL 953831 (N.D. Cal. Mar. 6, 2014) ("[T]he Court is not aware of any authority holding that Rule 55's provisions for default or default judgment

are applicable to petitions to compel arbitration. While motions may be unopposed, default judgment does not enter upon a party's failure to respond to the motion. For this reason, Petitioner's application for entry of default will be denied."); but see Mariac Shipping Co., Ltd. v. Meta Corp., No. 03-cv-5600 (LAK), 2005 WL 146900 (S.D.N.Y. Jan. 24, 2005) (granting default judgment on a petition to compel arbitration).

The Court concludes, however, that default judgments are, at least sometimes, available in the context of a petition to compel arbitration. True, the respondents were not permitted -- much less required -- to file any pleadings in this action. Their failure to do so therefore cannot sustain an entry of default under Rule 55(a). The respondents, however, have failed to "otherwise defend" -- a term that, as the Third Circuit has observed, "[b]y its very language . . . is broader than the mere failure to plead." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 917 (3d Cir. 1992). In particular, the respondents "should have responded in some fashion, e.g., by seeking an extension, arguing the merits, raising jurisdictional or venue objections, etc." D.H. Blair, 462 F.3d at 108 -- or even just by attending the telephonic hearing scheduled in this matter. Moreover, unlike petitions to confirm an arbitral award, petitions to compel arbitrations, at least where, as here, the petition is filed before the underlying dispute is the subject of pending litigation, are more akin to a "complaint initiating a

13

plenary action" than a "motion in an ongoing proceeding." Id. at 108; cf. Vaden v. Discover Bank, 556 U.S. 49, 63 n.13 (2009) (explaining that petitions to compel arbitration are sometimes brought before the underlying dispute is the subject of pending litigation). Because the respondents had an obligation but failed to "otherwise defend" against the petition, the first step -- entry of default -- was proper in this case.

B. Step Two -- Default Judgment

Because the respondents are in default, the Court accepts as true all well-pleaded allegations in the petition and must determine whether those allegations establish a "legal basis" for liability. Mickalis, 645 F.3d at 137 (suggesting that, "prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.").[5] Although the Second Circuit has not directly resolved the relevant standard, others courts in this Circuit assume that the "legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)." Winegard

---

[5] Other courts of appeals have held "expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief." Mickalis, 645 F.3d at 137 n.23 (collecting cases).

14

v. Crain Comm., Inc., No. 20-cv-1509 (AJN), 2021 WL 1198960, at *1 (S.D.N.Y. Mar. 30, 2021); see also Belizaire v. RAV Investigative & Sec. Servs. Ltd., 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) ("[A] court must consider whether the complaint alleges enough facts to state a claim to relief that is plausible on its face, and find it lacking where the complaint tenders naked assertions devoid of further factual enhancement.").

Under the FAA, a district court's role in resolving a motion to compel arbitration under the FAA is "limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." Shaw Grp., Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 120 (2d Cir. 2003). The petition alleges that each of the relevant contracts contains an arbitration clause along the following lines:

> This agreement shall be interpreted according to and subject to New York Law. The Escrow Parties agree to do their utmost to ensure that any disputes between them are settled equitably and amicably and where possible without resort to arbitration. In the event of any differences or dispute of whatever nature arising from this Agreement (which shall include any failure to agree and any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto which cannot be settled by direct negotiation within thirty (30) days after either of the Escrow Parties has notified the other parties in writing of the existence of the dispute, such differences or dispute shall be referred to and finally settled by binding arbitration in City, County and State of New York.

Pet. ¶ 50. This language constitutes an enforceable arbitration agreement. The petition also alleges that "more than thirty (30) days have elapsed since written notice of the existence of a dispute. During this time, the petition alleges, petitioner attempted to settle the dispute by direct negotiation with the respondents, but failed. Id. ¶ 51. Thus, the petition adequately alleges that respondents have failed, neglected or refused to arbitrate. Therefore, the petition adequately states a claim for an order compelling the respondents to arbitrate.[6]

C. Remedy

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). For that reason, where a petition "seeks only an order directing respondents to arbitrate the claim in issue," courts will not permit the petitioner to "nominate an arbitrator on behalf of the respondents." Mariac, 2005 WL 146900, at *1. Here, however, the petition seeks not only an order directing respondents to arbitrate the claims in issue, but it also specifically requests an order requiring the respondents to arbitrate their disputes

---

[6] It is worth noting that because a court must independently examine the sufficiency of the allegations in the petition before granting default judgment, the difference between treating the petition as an unopposed motion for summary judgment rather than an unanswered complaint is vanishingly small.

16

before JAMS International pursuant to the JAMS International Arbitration Rules." Pet. at 19.

That petitioner has requested such relief does not necessarily mean that the Court is authorized to grant it. Section 4 of the FAA mandates that, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Here, however, the terms of the agreement do not specify any particular forum for the arbitration. In <u>In Matter of Petition of HZI Research Center v. Sun Instruments Japan Co., Inc.</u>, No. 94-cv-2146 (CSH), 1995 WL562181, at *3 (S.D.N.Y. Sept. 20, 1995), Judge Haight ruled that "[i]f the parties imperfectly . . . designate the instrumentality through which arbitration should be effected, the court will enforce the contract by making an appropriate designation." Adopting that rule, the Court holds that it has the authority to order the respondents to arbitrate before Jams International, as sought for in the petition.

## CONCLUSION

For the foregoing reasons, petitioner's motion for default judgment is granted. Petitioner is directed to submit a proposed judgment consistent with, and not exceeding the scope of, this Order by June 28, 2021.

SO ORDERED.

Dated: New York, NY
      June 21, 2021

_____
JED S. RAKOFF, U.S.D.J.